UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11 Case

HearUSA, Inc.,[1]                                         Case No. 11-_____

     Debtor.
_____/

### DEBTOR'S APPLICATION FOR APPROVAL, ON AN INTERIM AND FINAL BASIS, OF THE EMPLOYMENT OF PAUL STEVEN SINGERMAN AND THE LAW FIRM OF BERGER SINGERMAN, P.A. AS COUNSEL FOR DEBTOR-IN- POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

     HearUSA, Inc. (the "Debtor"), pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1(A) and 2016-1(A), hereby files this *Debtor's Application for Approval, on an Interim and Final Basis, of the Employment of Paul Steven Singerman and the Law Firm of Berger Singerman, P.A. as Counsel for Debtor-in-Possession Nunc Pro Tunc to the Petition Date* (the "Application"), seeking approval on an interim and final basis of the employment of the law firm of Berger Singerman, P.A. ("Berger Singerman"), to represent the Debtor-in-Possession as general counsel in this case. In support of the Application, the Debtor relies upon the *Declaration of Joseph J. Luzinski in Support of First Day Pleadings* (the "First Day Declaration") and the *Declaration of Paul Steven Singerman, on Behalf of Berger Singerman, P.A. as Proposed Counsel for Debtor-In-Possession, Nunc Pro Tunc to the Petition Date* attached hereto as **Exhibit "A"** ("Singerman Declaration"), and respectfully represents the following:

### I.       Jurisdiction and Venue

---

[1] The address of the Debtor is 1250 Northpoint Parkway, West Palm Beach, Florida 33407; and the last four digits of the taxpayer identification number of the Debtor are (8248).

3634149-2

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief sought herein are Sections 105(a) and 327(a) of the Bankruptcy Code.

## II.     Background

4.     On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. § 101-1531 (the "Bankruptcy Code").

5.     The Debtor is operating its business and managing its affairs as debtor-in-possession. 11 U.S.C. §§ 1107(a) and 1108.

6.     For a detailed description of the Debtor and its operations, the Debtor respectfully refers the Court and parties in interest to the First Day Declaration.

## III.     Relief Requested and Basis Therefor

7.     The Debtor believes that it is in the best interest of its estate to retain Berger Singerman as general counsel in this Chapter 11 case. The Debtor believes that the attorneys of Berger Singerman are qualified to practice in this Court and are qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties. The professional services that Berger Singerman will render include, but are not limited to, the following:

(a)     To give advice to the Debtor with respect to its powers and duties as a debtor-in-possession and the continued management of its business operations;

(b)      To advise the Debtor with respect to its responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c)      To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of this case;

(d)      To protect the interests of the Debtor in all matters pending before the Court; and

(e)      To represent the Debtor in negotiations with its creditors and in the preparation of a plan.

## IV.      Authority for Relief

8.      The Bankruptcy Code allows a debtor, with the Court's approval, to employ one or more attorneys "that do not hold or represent an interest adverse to estate, and that are disinterested persons." 11 U.S.C. § 327(a).

9.      To the best of the Debtor's knowledge, except as disclosed in the Singerman Declaration, neither Paul Steven Singerman ("Singerman") nor Berger Singerman has any connection with the creditors or other parties in interest or their respective attorneys. As set forth in the Singerman Declaration, to the best knowledge of Singerman, neither Singerman nor Berger Singerman represents any interest adverse to the Debtor.

10.      The Singerman Declaration, containing a verified statement as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure, is attached and demonstrates that under these circumstances, Singerman and Berger Singerman are disinterested as required by Section 327(a) of the Bankruptcy Code.

3634149-2

11.    Berger Singerman will apply for compensation and reimbursement of costs, pursuant to Sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtor. Delay in obtaining approval until a final hearing is scheduled will cause immediate and irreparable harm to the Debtor.

12.    The Debtor seeks entry of an order, on an interim basis, approving the employment of Berger Singerman, and scheduling a final hearing to consider the Application.

**WHEREFORE**, the Debtor respectfully request entry of an order in the form attached hereto as **Exhibit "B"** (i) approving, on an interim basis, the Debtor's employment of Paul Steven Singerman and the law firm of Berger Singerman, P.A. as general counsel to the Debtor in this case, *nunc pro tunc* to the Petition Date; (ii) scheduling a final hearing on the Application; and (iii) for such other and further relief as the Court deems just and proper.

**DATED**: May 16, 2011.


HEARUSA, Inc.
1250 Northpoint Parkway
West Palm Beach, Florida 33407

By: _____

Title: _____Chief Restructuring Officer_____

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1.

Dated:  May 16, 2011.

BERGER SINGERMAN, P.A.
*Proposed Counsel for Debtor-in-Possession*
200 S. Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone:  (305) 755-9500
Facsimile:  (305) 714-4340

By:  */s/  Paul Steven Singerman*
　　　Paul Steven Singerman
　　　Florida Bar No. 378860
　　　singerman@bergersingerman.com

## EXHIBIT "A"

**(Singerman Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                        Chapter 11 Case

HearUSA, Inc.,[1]                                              Case No. 11-_____

           Debtor.

_____/

## DECLARATION OF PAUL STEVEN SINGERMAN, ON BEHALF OF BERGER SINGERMAN, P.A., AS PROPOSED COUNSEL FOR DEBTOR-IN-POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE

    1.     I am Paul Steven Singerman.  I am an attorney and shareholder of the law firm of Berger Singerman, P.A. ("Berger Singerman").  Our firm maintains offices for the practice of law at 350 E. Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301; 200 South Biscayne Boulevard, Suite 1000, Miami, Florida 33131; 2650 North Military Trail, Suite 240, Boca Raton, FL 33431-7291; and 125 South Gadsden Street, Suite 300, Tallahassee, Florida 32301.  I am familiar with the matters set forth herein and make this Declaration in support of the *Debtor's Application for Approval, on an Interim and Final Basis, of the Employment of Paul Steven Singerman and the law firm of Berger Singerman, P.A., as Counsel for Debtor in Possession Nunc Pro Tunc to the Petition Date* (the "Application").

    2.     In support of the Application, I disclose the following:

        a.     Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

---

[1] The address of the Debtor is 1250 Northpoint Parkway, West Palm Beach, Florida 33407; and the last four digits of the taxpayer identification number of the Debtor are (8248).

3634148-4

b.      In preparing this Declaration, I reviewed (i) lists of all of the creditors and

interested parties of the Debtor as provided to us by the Debtor; and (ii) results of UCC searches

performed in respect of the Debtor.  I compared the information obtained thereby with the

information contained in our law firm's client and adverse party conflict check index system.  The

facts stated in this Declaration as to the relationship between other lawyers in our law firm and the

Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of

the United States Trustee, and those persons and entities who are defined as disinterested persons in

Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict

check index system.  Specifically, I have caused to be conducted (i) a computer search of our firm's

records in respect of all of the names referred to in the first sentence of this paragraph 2(b)[2], and (ii)

disseminated a written request for information to all of the attorneys in our firm regarding

connections to the Debtor and the creditors of the Debtor.  Based upon such search, our firm does not

represent any entity in a matter which would constitute a conflict of interest or impair the

disinterestedness of Berger Singerman.  Because Berger Singerman (formerly Berger Davis &

Singerman, P.A. and previously Berger & Davis, P.A.) has been in existence since 1985 and does not

maintain computerized records of all cases during those years, it is impossible to state with certainty

whether the firm has ever represented any existing creditor of any of the Debtor.

3.      Berger Singerman's client and adverse party conflicts check system is comprised of

records regularly maintained in the course of business of the firm, and it is the regular practice of the

firm to make and maintain these records.  It reflects entries that are noted in the system at the time

---

[2] As of the time of the filing of this Declaration, only the names of holders of 5% or more of the equity securities of
the Debtor have been processed through our conflict check index system, and no conflict exists.  Once the balance of
the approximately 5,000 equity security holders are processed and results are obtained, we will supplement this
Declaration to the extent it is necessary to do so.

the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

4. A search of our firm's conflicts check system revealed the following matters, none of which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

a) *AT&T* is listed as a creditor of the Debtor. Berger Singerman previously represented *AT&T* in matters that were wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman represented *AT&T Latin America Corporation* and certain of its affiliates as debtors in possession in Chapter 11 bankruptcy proceedings that were wholly unrelated to the instant bankruptcy case. The *AT&T Latin America Corporation* cases were concluded in 2004 after the confirmation of a plan of liquidation. Further, Berger Singerman has represented a number of clients who are adverse to *AT&T* in that they have incurred a debt to *AT&T* in matters wholly unrelated to the instant bankruptcy case;

b) *ADT Security Services, Inc.* is listed as a creditor of the Debtor. Berger Singerman represents *ADT Security Services, Inc.* in matters that are wholly unrelated to the instant bankruptcy case. Further, Berger Singerman has represented a number of clients who are adverse to *ADT Security Services, Inc.* in that they have incurred a debt to *ADT Security Services* in matters wholly unrelated to the instant bankruptcy case;

c) *City of Miami Beach* is listed as a creditor of the Debtor. Berger Singerman represents *City of Miami Beach* in a matter that is wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman has represented a number of clients who are adverse to *City of Miami Beach* in that they have incurred a debt to *City of Miami Beach* in matters wholly unrelated to the instant bankruptcy case;

3634148-4                                                      3

d)      *City of St. Petersburg* is listed as a creditor of the Debtor.  Berger Singerman represents *City of St. Petersburg* in a matter that is wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman has represented a number of clients who are adverse to *City of St. Petersburg* in that they have incurred a debt to *City of St. Petersburg* in matters wholly unrelated to the instant bankruptcy case;

e)      *CNA Insurance Company* is listed as a creditor of the Debtor.  Berger Singerman represented *CNA Insurance Company* in a matter that was wholly unrelated to the instant bankruptcy case;

f)      *Florida Power & Light* is listed as a creditor of the Debtor.  Berger Singerman represented *Florida Power & Light* in matters that were wholly unrelated to the instant bankruptcy case.  In addition, Berger Singerman has represented a number of client who are adverse to *Florida Power & Light* in that they have incurred a debt to *Florida Power & Light* in matters wholly unrelated to the instant bankruptcy case;

g)      *Travelers Partners, LLC* is listed as a creditor of the Debtor.  Berger Singerman represents *Travelers Partners, LLC* in a matter that is wholly unrelated to the instant bankruptcy case;

h)      *University of Florida* is listed as a creditor of the Debtor.  Berger Singerman represents *University of Florida Program for Resource Efficient Communities*, an affiliate of the University of Florida, in a matter that is wholly unrelated to the instant bankruptcy case;

i)      *AETNA Life Insurance Company* is listed as a creditor of the Debtor.  Berger Singerman has represented *AETNA Life Insurance Company* in a matter that was wholly unrelated to the instant bankruptcy case.  In addition, Berger Singerman has represented a number of clients who

3634148-4                                        4

are adverse to *AETNA Life Insurance Company* in that they have incurred a debt to *AETNA Life Insurance Company* in matters wholly unrelated to the instant bankruptcy case;

       j)     *Ace USA* is listed as a creditor of the Debtor. Berger Singerman represents *Ace USA* in a matter that is wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman has represented a number of clients who are adverse to *Ace USA* in that they have incurred a debt to *Ace USA* in matters wholly unrelated to the instant bankruptcy case;

       k)     *Ear, Nose and Throat Association of South Florida* is listed as a creditor of the Debtor. Berger Singerman represented *Ear, Nose and Throat Association of South Florida* in a matter that was wholly unrelated to the instant bankruptcy case. The matter was concluded and Berger Singerman is no longer involved in any capacity;

       l)     *CT Corporation* is listed as a creditor of the Debtor. Berger Singerman represented *CT Corporation* in a matter that was wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman has represented a number of clients who are adverse to *CT Corporation* in that they have incurred a debt to *CT Corporation* in matters wholly unrelated to the instant bankruptcy case;

       m)     *Dell Financial Services* is listed as a creditor of the Debtor. Berger Singerman represented *Dell Financial Services* in a matter that was wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman has represented a number of clients who are adverse to *Dell Financial Services* in that they have incurred a debt to *Dell Financial Services* in matters wholly unrelated to the instant bankruptcy case;

       n)     *Developers Diversified Realty Corp.* is listed as a creditor of the Debtor. Berger Singerman represents *Developers Diversified Realty Corp.* in matters that are wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman has represented a number of

clients who are adverse to *Developers Diversified Realty Corp.* in that they have incurred a debt to *Developers Diversified Realty Corp.* in matters wholly unrelated to the instant bankruptcy case;

o)    *Sun Sentinel* is listed as a creditor of the Debtor.   Berger Singerman represented *Sun Sentinel* in a matter that was wholly unrelated to the instant bankruptcy case.  The matter was concluded and Berger Singerman is no longer involved in any capacity;

p)    *Sanford Barrows Group, Inc.* is listed as a creditor of the Debtor.  Berger Singerman represented *Sanford Barrows Group, Inc.* in a matter that was wholly unrelated to the instant bankruptcy case.  The matter was concluded and Berger Singerman is no longer involved in any capacity;

q)    *Miami-Dade County* is listed as a creditor of the Debtor.  Berger Singerman represents *Miami-Dade County* in matters that are wholly unrelated to the instant bankruptcy case.  In addition, Berger Singerman has represented a number of clients who are adverse to *Miami-Dade County* in that they have incurred a debt to *Miami-Dade County* in matters wholly unrelated to the instant bankruptcy case;

r)    *Kimco Realty* is listed as a creditor of the Debtor.   Berger Singerman represents *Kimco Realty* in matters that are wholly unrelated to the instant bankruptcy case;

s)    *Hewlett Packard* is listed as a creditor of the Debtor.   Berger Singerman represented *Hewlett Packard* in a matter that was wholly unrelated to the instant bankruptcy case.  The matter was concluded and Berger Singerman is no longer involved in any capacity;

t)    *Qwest* is listed as a creditor of the Debtor.  Berger Singerman represented *Qwest* as a defendant in a matter wholly unrelated to the instant bankruptcy case.  In addition, Berger Singerman has represented a number of clients who are adverse to *Qwest* in that they have incurred a debt to *Qwest* in matters wholly unrelated to the instant bankruptcy case;

u)    *Nationwide Interpreter Resource* is listed as a creditor of the Debtor.  Berger Singerman represented *Nationwide Interpreter Resource* in a matter that was wholly unrelated to the instant bankruptcy case.  The matter was concluded and Berger Singerman is no longer involved in any capacity;

v)    *The Palm Beach Post* is listed as a creditor of the Debtor.  Berger Singerman represents *The Palm Beach Post* in matters that are wholly unrelated to the instant bankruptcy case.  In addition, Berger Singerman has represented a number of clients who are adverse to *The Palm Beach Post* in that they have incurred a debt to *The Palm Beach Post* in matters wholly unrelated to the instant bankruptcy case;

w)    *DHL Express (USA)* is listed as a creditor of the Debtor.  Berger Singerman represents *DHL Express (USA)* in matters that are wholly unrelated to the instant bankruptcy case.  In addition, Berger Singerman has represented a number of clients who are adverse to *DHL Express (USA)* in that they have incurred a debt to *DHL Express (USA)* in matters wholly unrelated to the instant bankruptcy case;

x)    *Pitney Bowes Credit Corp.* is listed as a creditor of the Debtor.  Berger Singerman represented *Pitney Bowes Credit Corp.* in matters that were wholly unrelated to the instant bankruptcy case.  In addition, Berger Singerman has represented a number of clients who are adverse to *Pitney Bowes Credit Corp.* in that they have incurred a debt to *Pitney Bowes Credit Corp.* in matters wholly unrelated to the instant bankruptcy case;

y)    *Sprint* is listed as a creditor of the Debtor.  Berger Singerman represented *Sprint* in matters that were wholly unrelated to the instant bankruptcy case.  In addition, Berger Singerman has represented a number of clients who are adverse to *Sprint* in that they have incurred a debt to *Sprint* in matters wholly unrelated to the instant bankruptcy case;

z)    *General Electric Capital Corp. ("GECC")* is listed as a creditor of the Debtor. Berger Singerman represented *GECC* in matters that were wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman has represented a number of clients who are adverse to *GECC* in that they have incurred a debt to *GECC* in matters wholly unrelated to the instant bankruptcy case;

aa)    *Cisco Systems Capital Corporation ("Cisco")* is listed as a creditor of the Debtor. Berger Singerman represented *Cisco* in a matter that was wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman has represented a number of clients who are adverse to *Cisco* in that they have incurred a debt to *Cisco* in matters wholly unrelated to the instant bankruptcy case;

bb)    *Waste Management, Inc. of Florida* is listed as a creditor of the Debtor. Berger Singerman represents *Waste Management, Inc. of Florida* in matters that are wholly unrelated to the instant bankruptcy case. In addition, Berger Singerman has represented a number of clients who are adverse to *Waste Management, Inc. of Florida* in that they have incurred a debt to *Waste Management, Inc. of Florida* in matters wholly unrelated to the instant bankruptcy case;

cc)    *BDO USA, LLP* serves as auditor to the Debtor. Berger Singerman represented Banco Espirito Santo International, Ltd., and related entities ("BESIL") in a case entitled *Banco Espirito Santo International, Ltd. et al. v. BDO Seidman, LLP et al.,* Case No. 04-14009 CA 31, pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and currently represents Barry E. Mukamal ("Mukamal"), as the Responsible Officer for the Reorganized Debtor and Liquidating Trustee for the E.S. Bankest, L.C. Liquidating Trust, in a bankruptcy case and in an adversary proceeding against BDO USA, LLP, pending in the Southern District of Florida before the Honorable A. Jay Cristol entitled *E.S. Bankest, L.C.,* Case No. 04-17602-AJC. Berger Singerman's

representation of BESIL and Mukamal does not impair Berger Singerman's disinterestedness or its ability to represent the Debtor in this case;

dd)    *Siemens Hearing Instruments, Inc.* is the Debtor's secured lender as well as its major supplier of hearing aids. Additionally, *Siemens Hearing Instruments, Inc.* owns approximately 10% of the Debtor. Berger Singerman represents Siemens Power Generation, Inc., f/k/a Siemens Westinghouse Power Corporation ("SPG"), as the defendant in a state court action entitled *First Technology vs. Siemens Power Generation, Inc.,* Case No. 10044725-08 pending in the 17th Judicial Circuit in and for Broward County, Florida. SPG is an affiliate of *Siemens Hearing Instruments, Inc.*;

ee)    There are numerous creditors of the Debtor which have been creditors of, or adverse to, other entities represented by Berger Singerman in cases and matters wholly unrelated to the instant bankruptcy case. These creditors include *Accountemps, Accent, Akerman Senterfitt, AHCA, Ajilon Professional Staffing, Armchem International Corp., Aramark Refreshment Services, Allied Waste Services, AT&T Mobility, American Cancer Society, American Electric Power, American Heart Association, American Sign Language Services, Aon Consulting, Inc., American Stock Transfer, AT&T Advertising Solutions, Automatic Data Processing, Avaya, Inc., Averitt Express, Inc., Baudville, Inc., BCBS of Florida, Blue Cross Blue Shield, Beasley & Hauser, P.A., Best Resources, Inc., Better Homes and Gardens, Birch Telecom, Birch Communications, California First Leasing Corporation, Employment Guide, Experian, Federal Express, Embarq, Earthlink, Inc., Ernst & Young, Duke Energy, ENS Corp., Emser International, Granite Telecommunications, LLC, Great Lakes Publishing, Hasler, Inc., Greenberg Traurig, Gunster Yoakley & Stewart, P.A., Kingsbridge Holdings, LLC, Corporation Service Company, Courier News, Home News, Courtyard Marriott, Coverall North America, CSC, Culligan Water Services, Culligan, The Daily News, Dave*

Holbrook Distributors, Inc., David Wood Temporaries, Deer Park Spring Water, Deluxe Business Checks & Solutions, Deluxe Business Checks, Delaware Secretary of State, Department of Veteran Affairs, Denver Health, Department of Homeland Security, Diane Nelson, Tax Collector, Diamond Springs Water Co., Division of Consumer Affairs, Geisinger Medical Center, GHI, Gloria Harmon & Associates, Glen Falls Hospital, Board of County Commissioners, Bob Davis Tax Collector, Boca Color Graphics, Bowne, Bright House Networks, Broadridge, Broadview Networks, Broadridge Investor Communication, Broward County Tax Collector, Broward County Revenue Collector, Budget Notary Services, Business & Legal Reports, Business Wire, BWC State Insurance Fund, CSC, Fidelity National Indemnity Insurance, Flint Journal, Florida Department of Revenue, Ford Credit, Forum Publishing Group, Inc., Franchise Tax Board, Frontier, Frontier Communications, Centurylink, CB Richard Ellis, Inc., CBS Outdoor, Ceridian Benefit Services, Charter Communications, The Charlotte Observer, Ceridian Corporation, City of Hollywood, City of Pembroke Pines, Cintas, Cintas Corporation, Choicepoint, City of Naples, City of Orlando, Cigna, Cigna Healthcare, City Treasurer, City of Miami, City of Port St. Lucie, City of Deerfield Beach, City of Plantation, City of Plantation Fire Rescue, City of Fort Pierce, City of Miami Gardens, Cincinnati Bell, Inc., City of Stuart, City of Stuart Utilities, City of Boynton Beach, City of Aventura, Cintas Fire Protection, City of Richmond, City of Lauderhill,  City of Coconut Creek, City of Melbourne, City of Orlando, City of Orlando Permits, City of Richmond Utilities, City of Oakland Park, City of Tamarac, City of West Palm Beach, Clear Channel Radio, CNA Insurance, Comcast, Collier County Tax Collector, Comcast Cablevision, Comcast Spotlight of SE Florida, Comcast Spotlight of SW Florida, Comcast Spotlight of Palm Beach, Comcast Spotlight of Broward, Colonial Properties, Colorado Department of Revenue, Comcast Cable Holdings, LLC, Columbia Gas of Ohio, Columbia Gas of PA, Columbia Gas of Virginia, Commonwealth of Pennsylvania,

Commonwealth of Massachusetts, Doug Belden, Tax Collector, Lee County Tax Collector, Martin County Tax Collector, Marlin Leasing Corp., Miami-Dade County Tax Collector, Miami Herald, Midfirst Bank, Michigan Department of Treasury, Mike Olson, Tax Collector, MCI Communication Service, MCI, Mergis Group, Media General, Miami-Dade Water & Sewer Department, Mediation, Inc., Medicare Part B Debt Recovery, Prudential Insurance Co., Premium Assignment Corporation, Postmaster, Poland Spring Water, Prudent Publishing, Secretary of State, Qwest Business Services, SBC Internet Services, Scripps Treasure Coast, Seabreeze Publications, Inc., Sarasota Herald Tribune, Seminole County Tax Collector, SimplexGrinnell, Sign A Rama, Signs by Tomorrow, Shea Ventures, LLC, Society of Human Resource, Siemens Hearing Instruments, Inc., Jobing.com, John Payne & Associates, JP Morgan Chase Bank, Kaeser & Blair, Inc., K & L Gates, LLP, Ken's Waxing Services, Inc., Konica Minolta Business Solutions, Kroll Associates, Inc., Laclede Gas Company, HRPBC, Humana Claims Office, Humana, Merrill Icard Cullis, Idaho Elks Rehab Hospital, Idearc Media Corp., Ingenix, Intercall, Iron Mountain, Intralinks, Jason's Deli, The Gainesville Sun, Gallagher Bassett, Randstad, Ray Valdes Tax Collector, Regional Income Tax Agency, Rosenthal, Levy & Simon, Roth Staffing, Saint Anthony Medical Center, Sage Software, Inc., Sam's Club, Naples Daily News, National Grid, Neopost Leasing, New York State Education Department, New York State Department of Taxation Bankruptcy Section, News-Press, NGT Corporation, Nielsen Business Media, North Carolina Department of Revenue, Nuvox Communications, NYS Corporation Tax, NYSE Market, Inc., Office Team, Ohio Treasurer of State, Ohio Department of Taxation, One Communications, Orlando Sentinel, Orlando Utilities Commission, Orange County Tax Collector, Paetec, Palm Beach County, Palm Beach County Water, Palm Beach Newspapers, Inc., PBCWUD, PCI, Pennsylvania Department of Revenue, Palm Beach Tax Collector, That's Great News, LLC, Symantec, Talx Corporation, Suncoast Media Group,

3634148-4                                              11

*Inc., Tallahassee Democrat, Terminix International, The Flyer, Waste Services of Florida, Weaver Construction, Withlacoochee River Electric, Windstream, Special Olympics Florida, Spherion Corporation, Saint Francis Hospital, St. Petersburg Times, St. Jude Children Hospital, St. Lucie County Tax Collector, Standard Register, Stanley Steamer Carpet, Starkey, Inc., State of Florida, State of Florida Dept. of Education, State of Florida Dept. of Revenue, State of Michigan, State of New Jersey, State of North Carolina, Pitney Bowes Purchase Power, Pitney Bowes Global Financial, Stephen Douglas Associates, Time Warner Cable, Times Newspaper, Thomson Reuters, The Times Tribune, Toshiba Business Solutions, Toshiba Financial Services, Toshiba America Business, Town of Jupiter, Travelers Indemnity, Travelers Hotel, Uline, U.S. Legal Support, Inc., Two Men and a Truck, United Parcel Service, United Healthcare, United States Treasury, Unitron, United States Postal Service, United Cerebral Palsy, University Hospital, Union County, USI Southeast, VA Medical Center, US Postmaster, UPS Supply Chain Solutions, US Bancorp, US Bancorp Services, VCU Health System, Velocity, Verizon, Verizon Wireless, Verizon Florida, LLC, Verizon North, Verizon Online, Veterans Support Fund,* and *Verizon Business;*

ff)    Individuals by the names of *Joseph Spadafora, Laura Wright, Catherine Wilson, Marilyn Stephens, Paul Stein, Judith Adams, Laura Armstrong, Maria Benitez, Thomas Bell, Rhonda Brown, Mary Doyle, Michael Fleming, Yolanda Gonzalez, Carlos Gonzalez, Robert McCoy, Francisco Punal, Carol Thompson, Mary Walker, John Thompson, Sharon Thompson, Anna Torres, Evelyn Torres, James Turner, Barbara Turner, James Tucker, Carlos Velasquez, Juan Vazquez, John Wagner, David Walker, Donald Wallace, Pat Walker, Thomas Walsh, Carol Walker, Pat Walker, William Wallace, Judith Adams, Steven Anderson, James Andrews, Lois Armstrong, David Anderson, Richard Allen, Bob Andrews, Norma Baker, Shirley Bartlett, Carl Bennett, David Berger, Joseph Berry, David Black, Richard Black, Jose Gomez, Jose Ferrer, Robert Farley, David Eaton,*

James Farrell, Patricia Graham, Maria Gonzalez, Catherine Hall, David Cox, Gregory Daly, Neal Davis, Richard Davis, Sarah Davis, Ruby Davis, Margaret Davis, John Denion, John Douglas, Pedro Garcia, Laura Garcia, Ruth Gerber, William Henderson, Mary Henry, John Henry, Louis Hernandez, Juana Hernandez, James Bond, Roberto Bradshaw, Gladys Brawdy, Sharon Brooks, Robert Brown, Dennis Brown, Arthur Brown, Joy Brown, Rhonda Brown, Thomas Brown, Maurice Brown, Kathleen Bryan, Bryan Cave, Lourdes Bulnes, Tom Burke, Robert Burns, Robert Bush, John Foote, David Clark, William Clark, Jean Collins, Donald Cook, Robert Lee, Paul Lee, Joyce Lewis, Margaret Lamb, Marianne Lamb, Barbara Leone, Paul Johnson, William Johnson, Charlotte Johnson, Gregory Johnson, Carol Johnson, Margaret Johnson, Donald Johnson, Paul Johnson, Robert Jones, Linda Jones, Elizabeth Jones, Harriet Jones, Susan Jones, Jeremy Jones, Frank Jones, Stuart Kaufman, Timothy Kelley, William Keller, John Kelly, Jack Silver, Barbara Kennedy, Kevin Casey, Richard King, Elizabeth Klein, Thomas Klein, J. Hopkins, George Hughes, Elizabeth Hunter, Mary Hunt, Carol Krueger, Donna Jackson, Linda Jackson, Michele Labadie, Paul Brown, Charles Gallagher, Arthur Frank, Jose Rios, Virginia Rivera, Paul Roberts, Anthony Robinson, Robert Half, Jose Rodriguez, Clara Rodriguez, Susan Roland, Israel Rosen, Donald Ross, Shirley Russell, Roberta Russo, Ruben Sanchez, Luis Sanchez, Maria Sanchez, James Murphy, John Murray, Robert Murray, James Myers, Erin Myers, Steven Myers, Mary Nelson, John Nelson, Jerry Nielsen, Christine Nolan, Susan O'Brien, John Oliver, Jorge Perez, Richard Williams, Susan Wilson, Carol Thompson, Roger Ward, David Wood, James Ward, George White, Robert Young, Betty Wright, Lee Watson, John Wyns, Roy Young, Paul White, and James Wood (the "Individuals") are listed as creditors of the Debtor. Berger Singerman has represented third parties in wholly unrelated matters whose interests may have been adverse to one or more of the Individuals. It is impossible for our

firm to confirm with certainty that the individuals associated with the third party representations are the same Individuals listed as creditors of the Debtor;

        gg)      Individuals by the names of *Barbara Solomon, Carlos Gonzalez, John Thompson, Howard Thompson, Peter Tomasello, John Wagner, James Anderson, David Berger, Richard Bennett, Edward Barry, Ruben Rodriguez, Jose Ferrer, Richard Harris, Kenneth Greene, Jacqueline Gonzalez, Thomas Godart, William Clark, Joseph Coulter, Mary Cox, Jack Davis, Maria Garcia, Laura Garcia, Jose Caballero, Luis Figueroa, Jerry Carter, Donald Carter, Susan Wilson, Margaret Mills, Barbara Smith, Robert Lee, Robert McCoy, George May, Henry Miller, Robert Morgan, Brenda Mitchell, Mary Mitchell, David Miller, Bill Murray, Brenda Scott, David Smith, Marcia Smith, Robert Smith, Sheila Smith, Mary Smith, John Smith, Robert Johnston, William Gabriel, Jose Rodriguez, Steve Ross, Robert Roth, John Murray, James Murphy, Joseph Myers, John Nelson, Susan O'Brien, Jorge Perez, James Thomas, James Williams, Robert Young,* and *James Williams* are listed as creditors of the Debtor. Berger Singerman represents or formerly represented individuals by the names of *Barbara Solomon, Carlos Gonzalez, John Thompson, Howard Thompson, Peter Tomasello, John Wagner, James Anderson, David Berger, Richard Bennett, Edward Barry, Ruben Rodriguez, Jose Ferrer, Richard Harris, Kenneth Greene, Jacqueline Gonzalez, Thomas Godart, William Clark, Joseph Coulter, Mary Cox, Jack Davis, Maria Garcia, Laura Garcia, Jose Caballero, Luis Figueroa, Jerry Carter, Donald Carter, Susan Wilson, Margaret Mills, Barbara Smith, Robert Lee, Robert McCoy, George May, Henry Miller, Robert Morgan, Brenda Mitchell, Mary Mitchell, David Miller, Bill Murray, Brenda Scott, David Smith, Marcia Smith, Robert Smith, Sheila Smith, Mary Smith, John Smith, Robert Johnston, William Gabriel, Jose Rodriguez, Steve Ross, Robert Roth, John Murray, James Murphy, Joseph Myers, John Nelson, Susan O'Brien, Jorge Perez, James Thomas, James Williams, Robert Young,* and *James Williams*

in matters wholly unrelated to the instant bankruptcy case; however, I am unaware as to whether the foregoing individuals that are creditors of the Debtor are the same individuals that are represented or formerly represented by our firm;

hh)    There are in excess of 9,000 customers throughout ten (10) states that could potentially have warranty claims against the estate arising out of the purchase of hearing aids from the Debtor in the past three (3) years (the longest warranty period for any of the Debtor's products). These customers are individuals that are currently entitled to various hearing aid replacement and/or hearing aid battery warranties (the "Warranty Customers"). We have not processed the names of the Warranty Customers through our firm's conflict check index system as they are all individuals and therefore, it is impossible for our firm to confirm with certainty whether any Warranty Customers are the same individuals who our firm may currently represent or who we have represented in the past or are adverse to one or more clients represented by or formerly represented by Berger Singerman;

ii)    The Debtor has retained Trustee Services, Inc. ("TSI") as notice, claims and balloting agent of the Bankruptcy Court. Berger Singerman has worked on a number of matters that are wholly unrelated to the instant bankruptcy case in which TSI has been involved as the agent of the Court. Additionally, Berger Singerman has worked with Kenneth Welt, the president of TSI, on various matters as a trustee or receiver in matters wholly unrelated to the instant bankruptcy case;

jj)    The Debtor has retained the firm of Development Specialists, Inc. ("DSI") to provide restructuring management services, including providing a Chief Restructuring Officer, Joseph J. Luzinski. Berger Singerman has worked on a number of matters that are wholly unrelated to the instant bankruptcy case in which DSI has been involved, both as co-advisor and as an advisor or a fiduciary to an adverse party;

kk)    The Debtor has retained the firm of AlixPartners, LLP as its communications consultants. Berger Singerman has worked on a number of matters that are wholly unrelated to the instant bankruptcy case in which AlixPartners has been involved. Most recently, we worked with AlixPartners as communications consultants to the Debtor in the Chapter 11 case of Robb & Stucky Limited, LLLP (Case No. 8:11-bk-02801-CED), pending in the United States Bankruptcy Court for the Middle District of Florida; and

ll)    Berger Singerman represents privately held as well as public companies in out of court and restructuring matters (the "Non-Debtor Clients"). Several creditors of the instant Debtor may be creditors of one or more of our firm's Non-Debtor Clients. Berger Singerman's representation of the Non-Debtor Clients does not impair Berger Singerman's disinterestedness or its ability to represent the Debtor in this case.

5.    Berger Singerman submits that none of the foregoing representations or connections constitutes any conflict of interest or in any way impairs its disinterestedness in this case.

6.    Other than as set forth in this declaration, Berger Singerman neither holds nor represents any interest adverse to the Debtor and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.    Neither I nor our firm has or will represent any other entity in connection with this case, and neither I nor our firm will accept any fee from any other party or parties in this case, except the Debtor-in-Possession, unless otherwise authorized by the Court.

8.    On March 22, 2011, the Debtor retained Berger Singerman to act as its legal counsel in connection with insolvency and restructuring matters. Since that date, Berger Singerman has provided pre-petition services to the Debtor.

9.      On March 23, 2011, Berger Singerman received an initial retainer from the Debtor in the amount of $25,000.00, which was deposited into Berger Singerman's trust account.    Since March 23, 2011, Berger Singerman has received the following payments from the Debtor on account of its pre-petition services:

| | |
|---|---|
| March 31, 2011 | $37,403.25 |
| April 19, 2011 | $5,989.64 |
| April 25, 2011 | $100,000.00 |
| May 4, 2011 | $51,949.70 |
| May 11, 2011 | $63,369.45 |
| May 13, 2011 | $50,000.00 |

10.      After application of the foregoing payments, Berger Singerman is not owed any money for prepetition services.

11.      In addition to the foregoing payments set forth above, on May 13, 2011, Berger Singerman received a bankruptcy retainer in the amount of $200,000.00 which is being held in trust (the "Bankruptcy Retainer"). The Bankruptcy Retainer serves as a security retainer for the fees and costs we will incur in this Chapter 11 case.

12.      Berger Singerman is not a creditor of, and asserts no prepetition claim against the Debtor.

13.      The professional fees and costs incurred by Berger Singerman in the course of its representation of the Debtor in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Fed. R. Bankr. P. 2014 and 2016.

14.      The current hourly rates for the attorneys at Berger Singerman range from $225.00 to $625.00. My colleague, Brian Gart, will have principal responsibility for Berger Singerman's

representation of the Debtor. My current hourly rate is $595.00 and Brian Gart's current hourly rate is $590.00. The current hourly rates for the associate attorneys who will work on this case range from $425.00 to $450.00. The current hourly rates for the legal assistants and paralegals at Berger Singerman range from $75.00 to $195.00. Berger Singerman typically adjusts its hourly rates annually on January 1st.

15.     There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by Berger Singerman nor any member, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

16.     No attorney in our firm holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

17.     No attorney in our firm is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

18.     No attorney in our firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

19.     No attorney in our firm is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

20.     No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

21.     No attorney in our firm has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the filing of the petition.

22.    No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

23.    Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtor, the Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States trustee, on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

24.    This concludes my Declaration.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 16, 2011.

_____

PAUL STEVEN SINGERMAN

**EXHIBIT "B"**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Chapter 11 Case

HearUSA, Inc.,[1]                                   Case No. 11-_____

      Debtor.
_____/

**INTERIM ORDER APPROVING THE EMPLOYMENT
OF PAUL STEVEN SINGERMAN AND THE LAW FIRM OF
BERGER SINGERMAN, P.A. AS COUNSEL FOR THE
<u>DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO PETITION DATE</u>**

**THIS MATTER** came before the Court on the _____ day of May, 2011 at _____ a.m./p.m. in

West Palm Beach, Florida, upon the *Debtor's Application for Approval, on an Interim and Final*

*Basis, of the Employment of Paul Steven Singerman and the Law Firm of Berger Singerman, P.A. as*

*Counsel for Debtor-in-Possession Nunc Pro Tunc to the Petition Date* [D.E. ___] (the "Application"),

the *Declaration of Joseph J. Luzinski in Support of Chapter 11 Petition and Request for First Day*

*Relief* [D.E. ____] (the "First Day Declaration"), and the *Declaration of Paul Steven Singerman, on*

---

[1] The address of the Debtor is 1250 Northpoint Parkway, West Palm Beach, Florida 33407; and the last four digits of the taxpayer identification number of the Debtor are (8248).

*Behalf of Berger Singerman, P.A., as Proposed Counsel for Debtor-in-Possession, Nunc Pro Tunc to*

*the Petition Date* (the "Singerman Declaration") attached to the Application as **Exhibit "A."**    The

Application requests entry of interim and final orders approving the Debtor's employment of Berger

Singerman, P.A. to represent it as general counsel in this Chapter 11 case. The Court has jurisdiction

over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Application is in the

best interests of the Debtor, its estate and creditors. The Singerman Declaration makes relevant

disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016.    The Singerman

Declaration contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that

Paul Steven Singerman and Berger Singerman, P.A. are disinterested as required by 11 U.S.C. §

327(a).   Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a) and Local Rule 2014-1(A), the

Court is authorized to grant the relief requested in the Application. Upon the record herein, and after

due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth

herein.   Accordingly, it is hereby

     **ORDERED** that:

    1.     The Application is **GRANTED** on an interim basis.

    2.     The employment by the Debtor, as a debtor-in-possession, of Paul Steven Singerman

and the law firm of Berger Singerman, P.A., as general counsel, in this Chapter 11 case is

**APPROVED** pursuant to 11 U.S.C.  § 327(a), on an interim basis, pending a final hearing as set

forth below.

    3.     The employment of Paul Steven Singerman and the law firm of Berger Singerman,

P.A. by the Debtor shall be *nunc pro tunc* to the Petition Date.

4.      Berger Singerman, P.A. shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtor.  Berger Singerman, P.A. will apply for compensation and reimbursement of costs.

5.      The Court shall conduct a final hearing (the "Final Hearing") on the Application on **May    , 2011 at        a.m./p.m., United States Bankruptcy Court, 1515 North Flagler Drive, Courtroom    , West Palm Beach, FL  33401**.

6.      Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

7.      In the event the Application is not granted on a final basis, Berger Singerman, P.A. shall be authorized to submit a fee application with this Court for compensation for fees and expenses incurred in the period between the Petition Date and the Final Hearing.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN, P.A.
200 S. Biscayne Blvd., Suite 1000
Miami, FL  33131
Tel. (305) 755-9500
Fax (305) 714-4340
singerman@bergersingerman.com

Copy furnished to:
Paul Steven Singerman, Esq.
*(Attorney Singerman is directed to serve a copy of this Order upon all interested parties upon receipt and file a Certificate of Service.)*

3648986-1                                                          3