UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                          Chapter 11 Case

HearUSA, Inc.,[1]                               Case No. 11-_____

      Debtor.
_____/

**DEBTOR'S APPLICATION FOR APPROVAL
OF EMPLOYMENT OF TRUSTEE SERVICES, INC. AS NOTICE,
CLAIMS AND BALLOTING AGENT OF THE BANKRUPTCY COURT**

      HearUSA, Inc. (the "Debtor") files this application (the "Application") for entry of an order pursuant to 28 U.S.C. § 156(c), as supplemented by Rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Debtor's agreement with Trustee Services, Inc. ("TSI") and appointing TSI as notice, claims, and balloting agent of the Court (the "Application"). In support of the Application, the Debtor relies upon and incorporates by reference the *Affidavit of Kenneth A. Welt, President of TSI in Support of the Application for Order Approving the Employment of Trustee Services, Inc. as Agent of the Bankruptcy Court*, annexed hereto as **Exhibit "A"** (the "Welt Affidavit") and the *Declaration of Joseph J. Luzinski in Support of Chapter 11 Petition and Request for First Day Relief* (the "First Day Declaration") filed contemporaneously herewith, and respectfully represents as follows:

## I.      JURISDICTION

      1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this

---

[1] The address of the Debtor is 1250 Northpoint Parkway, West Palm Beach, Florida 33407; and the last four digits of the taxpayer identification number of the Debtor are (8248).

case and this Application in this district is proper pursuant to 28 U.S.C. § 1408. The statutory predicate for the relief requested herein is 28 U.S.C. § 156(c), as supplemented by Bankruptcy Rule 2002(f).

## II.    BACKGROUND

2.    On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. § 101-1531 (the "Bankruptcy Code").

3.    The Debtor is operating its business and managing its affairs as debtor-in-possession. 11 U.S.C. §§ 1107(a) and 1108.

4.    For a detailed description of the Debtor and its operations, the Debtor respectfully refers the Court and parties in interest to the First Day Declaration.

## III.    RELIEF REQUESTED

5.    The Debtor expects that there will be over 25,000 parties to which notice of this case will be provided. Each of these parties will also require notice of various deadlines and key events occurring in the case. Moreover, it is expected that there will be a multitude of proofs of claim filed in this case. Finally, in addition to the services listed below, TSI has the ability to inexpensively maintain an informational website that could be used by the Debtor to widely and efficiently disseminate information to parties in interest. The Debtor believes that TSI is a cost effective noticing and claims administration solution for this case.

6.    By this Application, the Debtor seeks authorization to employ TSI as the notice, claims, and balloting agent in connection with the Debtor's Chapter 11 case pursuant to the terms and conditions of the *Agreement for Services* between the Debtor and TSI dated May 11, 2011 (the "TSI Agreement"), annexed hereto as **Exhibit "B."** The Debtor proposes to retain TSI on

the terms and conditions set forth in the TSI Agreement, with the cost of such services to be paid from the Debtor's estate as contemplated by 28 U.S.C. § 156(c).

## IV.    QUALIFICATIONS

7.      TSI is one of the district's leading Chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of Chapter 11 cases. TSI has substantial experience in cases of this size and complexity, and has acted as the official notice, claims, and balloting agent in many large bankruptcy cases pending in Florida, including in this district. See, e.g., *Rothstein Rosenfeldt Adler, P.A.*, Case No. 09-34791-BKC-RBR (Bankr. S.D. Fla. 2009); *First NLC Financial Serv., LLC*, Case No. 08-10632-BKC-PGH (Bankr. S.D. Fla. 2008); *All American Semiconductor, Inc.*, Case No. 07-12963-BKC-LMI (Bankr. S.D. Fla. 2007); *Land Resource, LLC*, Case No. 6:08-bk-10159 (Bankr. M.D. Fla. 2008). Moreover, its President, Kenneth A. Welt, is well known to the Court. In his capacity as a panel trustee, Mr. Welt has extensive knowledge and experience in dealing with companies in bankruptcy, and the requirements of service of pleadings and orders and notice to creditors and parties in interest, including in chapter 11 proceedings such as these presently before the Court.

## V.    SCOPE OF SERVICES

8.      Pursuant to the TSI Agreement, TSI, at the request of the Debtor or the Office of the Clerk of the United States Bankruptcy Court for the Southern District of Florida (the "Clerk's Office"), may provide the following services:

      (a)    Serve required notices in this Chapter 11 Case, including:

            i.    notice of the commencement of this Chapter 11 Case and the initial meeting of creditors under section 341(a) of the Bankruptcy Code;

ii.   notice of bid procedures pertaining to the sale of substantially all of the Debtor's assets and notice of the related sale of the Debtor's assets;

iii.   notice of the claims bar date;

iv.   notices of objections to claims;

v.   notices of any hearings on a disclosure statement and confirmation of the Debtor's plan or plans of reorganization; and

vi.   such other miscellaneous notices as the Debtor or Court may deem necessary or appropriate for an orderly administration of this Chapter 11 Case.

(b)   Within three business days after the service of a particular notice, prepare for filing with the Clerk's Office a certificate or affidavit of service that includes (i) an alphabetical list of persons on whom the notice was served, along with their addresses and (ii) the date and manner of service.

(c)   Receive, examine, and maintain copies of all proofs of claim and proofs of interest filed in this Chapter 11 Case.

(d)   Maintain an official claim register in this Chapter 11 Case by docketing all proofs of claim and proofs of interest in a claims database that includes the following information for each such claim or interest asserted:

i.   the name and address of the claimant or interest holder and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

ii.   the date the proof of claim or proof of interest was received by TSI and/or the Court;

iii.   the claim number assigned to the proof of claim or proof of interest; and

iv.   the asserted amount and classification of the claim;

(e)   Implement necessary security measures to ensure the completeness and integrity of the claims registers.

(f)   Transmit to the Clerk's Office a copy of the claims registers as requested by the Clerk's Office.

(g)   Maintain an up-to-date mailing list for all entities that have filed proofs of claim or proofs of interest and make such list available upon request to the Clerk's Office or any party in interest.

(h)     Provide access to the public for examination of copies of the proofs of claim or proofs of interest filed in this Chapter 11 Case without charge during regular business hours.

(i)     Record all transfers of claims pursuant to Bankruptcy Rule 3001(e) and, if directed to do so by the Court, provide notice of such transfers as required by Bankruptcy Rule 3001(e).

(j)     Comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements.

(k)     Provide temporary employees to process claims as necessary.

(l)     Promptly comply with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe.

(m)     Provide such other claims processing, noticing, balloting, and administrative services as may be requested from time to time by the Debtor.

(n)     Act as balloting agent, which may include some or all of the following services:

    i.      printing of ballots including the printing of creditor and shareholder specific ballots;

    ii.     preparing voting reports by plan class, creditor, or shareholder and amount for review and approval by the Debtor and its counsel;

    iii.    coordinating the mailing of ballots, disclosure statement, and plan of reorganization to all voting and non-voting parties and provide affidavits of service; and

    iv.     receiving ballots at a post office box, inspecting ballots for conformity to voting procedures, date stamping and numbering ballots consecutively, and tabulating and certifying the results.

(o)     provide any services listed in any agreement between TSI and the Clerk of Court relating to this case.

9.      In addition to the foregoing, TSI will assist with, among other things: (a) maintaining and updating the master mailing lists of creditors; (b) tracking and administration of claims; and (c) performing other administrative tasks pertaining to the administration of this

Chapter 11 Case, as may be requested by the Debtor or the Clerk's Office. TSI will follow the notice, claim, and balloting procedures that conform to the guidelines promulgated by the Clerk of the Court and the Judicial Conference of the United States, and as may be entered by this Court's order.

## VI.   **COMPENSATION**

10.     The Debtor proposes to retain TSI at the rates set forth in the TSI Agreement. The Debtor proposes that the cost of TSI's services be paid from the Debtor's estate as provided by 28 U.S.C. § 156(c) and § 503(b)(1)(A) of the Bankruptcy Code.  The Debtor believes that the proposed rates to be charged by TSI are reasonable and appropriate for services of this nature. The Debtor, through counsel, has reviewed the rates of other firms and believes TSI's rates are reasonable given the quality of TSI's services and TSI's prior bankruptcy expertise.  The Debtor proposes to pay TSI in the ordinary course of business after the submission of an invoice which in reasonable detail describes the basis for the fees and expenses requested to be paid thereto, unless TSI is advised that the Debtor or the Official Committee of Unsecured Creditors (if one is appointed in this case) or the Office of the United States Trustee objects to the invoice, in which case the Debtor will schedule a hearing before the Court to consider the disputed invoice.  In such case, the Debtor will remit to TSI only the undisputed portion of the invoice and, if applicable, will pay the remainder to TSI upon resolution of the disputed portion, as ordered by this Court.

11.     The Debtor requests that the undisputed fees and expenses TSI incurs in the performance of the above-described services be treated as an administrative expense of the Debtor's chapter 11 estate and be paid by the Debtor in the ordinary course of business without further application to the Court.

12.     If TSI's services are terminated, TSI shall perform its duties until a complete transition with the Clerk's Office or any successor notice/claims/balloting agent occurs.

13.     TSI will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

## VII.    DISINTERESTEDNESS

14.     Although the Debtor does not propose to retain TSI under section 327 of the Bankruptcy Code, to the best of the Debtor's knowledge, other than as set forth herein or in the Welt Affidavit, TSI has no material relationship with: (i) the Debtor; (ii) its creditors or equity security holders; (iii) any other parties in interest in this case; (iv) the respective attorneys and accountants of any of the foregoing (except as set forth below); or (v) the United States Trustee or any person employed in the Office of the United States Trustee for the Southern District of Florida, in any matter relating to this case.  Berger Singerman, proposed bankruptcy counsel for the Debtor, has worked on a number of matters that are wholly unrelated to the instant bankruptcy case in which TSI has been involved as the agent of the Court.  Additionally, Berger Singerman has worked with Kenneth Welt, the president of TSI, on various matters as a trustee or receiver in matters wholly unrelated to the instant bankruptcy case.

15.     As set forth in the Welt Affidavit, TSI believes that it: (a) neither holds nor represents any interest materially adverse to the Debtor or the Debtor's estate on matters for which it is to be retained; (b) has no prior material connection with the Debtor, its creditors or any other party in interest; and (c) is a "disinterested person" as such term is defined in section 101(14), as modified in section 1107(b), of the Bankruptcy Code.

16.     If any new material facts or relationships are discovered, TSI will supplement its disclosure to the Court.

17.     In connection with its retention as notice, claims, and balloting agent, TSI represents, among other things, that:

      (a)     TSI will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the notice, claims, and balloting agent in this Chapter 11 Case;

      (b)     By accepting employment in this Chapter 11 Case, TSI waives any rights to receive compensation from the United States government;

      (c)     In its capacity as the notice, claims, and balloting agent in this Chapter 11 Case, TSI will not be an agent of the United States and will not act on behalf of the United States; and

      (d)     TSI will not employ any past or present employees of the Debtor in connection with its work as the notice, claims, and balloting agent in this chapter 11 case.

## VIII.    BASIS FOR RELIEF

18.     Bankruptcy Rule 2002 generally regulates what notices must be provided to creditors and other parties in interest in bankruptcy cases. Under Bankruptcy Rule 2002(f), the Court may direct that some person, other than the Clerk of the Court, give notice of the various matters described above.

19.     In addition, 28 U.S.C. § 156(c) expressly authorizes the use of non-court services for noticing. It provides, in relevant part, as follows:

> Any court may utilize. . . services, either on or off the court's premises, which pertain to the provision of notices, dockets . . . and other administrative information. . . to parties in cases filed under the provisions of title 11. . . ., where the costs of such. . . services are paid for out of the assets of the estate and are not charged to the United States. . . . The utilization of such. . . . services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

20.     Although the Debtor has yet to file its schedules of assets and liabilities, the Debtor anticipates there will be over 25,000 potential creditors and interested parties, many of whom are expected to file proofs of claim. The sheer size of the creditor body would appear to impose heavy administrative and other burdens upon the Court and the Clerk's Office. Upon information and belief, preparing and serving the notices on all such creditors and parties in interest and docketing and maintaining the large number of proofs of claim that may be filed in this case would strain the resources of the Clerk's Office.

21.     The sheer number of creditors makes it impracticable for the Clerk's Office to undertake such tasks. The Debtor respectfully submits that its engagement of an independent third party to act as agent for the Court to perform such services is the most effective and efficient manner by which to perform, among others, the following tasks: (i) transmitting certain notices to creditors and parties in interest in this case; (ii) receiving, docketing, maintaining, photocopying, and transmitting proofs of claim in this case; (iii) overseeing the distribution of chapter 11 plan solicitation materials; (iv) receiving, reviewing, and tabulating ballots; and (v) performing other administrative tasks such as maintaining creditor lists and mailing notices.

22.     For all of the foregoing reasons, the Debtor believes that the retention of TSI as Agent of the Court is appropriate and in the best interest of the Debtor and its estate, equity security holders, and other parties in interest.

## IX.    CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto at **Exhibit "C,"** granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated:   May 16, 2011.

Respectfully submitted,

BERGER SINGERMAN, P.A.
*Proposed Counsel for Debtor-in-Possession*
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Telephone: (954) 525-9900
Facsimile:  (954) 523-2782

and

200 S. Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone:  (305) 755-9500
Facsimile:   (305) 714-4340

By:   */s/  Paul Steven Singerman*
        Paul Steven Singerman
        Florida Bar No. 378860
        singerman@bergersingerman.com
        Brian K. Gart
        Florida Bar No. 381152
        bgart@bergersingerman.com

3655043-4                                                    10

## EXHIBIT "A"

### (Welt Affidavit)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                        Chapter 11 Case

HearUSA, Inc., [1]                            Case No. 11-_____

          Debtor.
_____/

## AFFIDAVIT OF KENNETH A. WELT IN SUPPORT OF THE APPLICATION FOR APPROVAL OF EMPLOYMENT OF TRUSTEE SERVICES, INC. AS NOTICE, CLAIMS AND BALLOTING AGENT OF THE BANKRUPTCY COURT

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF BROWARD         )

I, Kenneth A. Welt, being duly sworn, hereby deposes and says:

1.      I am the President of Trustee Services, Inc. ("TSI"), whose offices are located at 3790 North 28th Terrace, Hollywood, FL 33020, (954) 607.4280. The matters set forth herein are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      This Affidavit is made in support of the *Chapter 11 Trustee's Application for Approval of Employment of Trustee Services, Inc. as Agent of the Bankruptcy Court* (the "Application"), which has been filed contemporaneously herewith.[2]

3.      As agent and custodian of the Court records pursuant to 28 U.S.C. § 156(c), TSI will perform at the request of the Office of the Clerk of the Court (the "Clerk's Office") the

_____

[1] The address of the Debtor is 1250 Northpoint Parkway, West Palm Beach, Florida 33407; and the last four digits of the taxpayer identification number of the Debtor are (8248).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

noticing and related services specified in the Application. In addition, at the Debtor's request, TSI will perform such other noticing and balloting services specified in the Application.

4.    TSI represents, among other things, the following:

(a)    TSI neither holds nor represents any interest adverse to the Debtor's estate and TSI will not represent any other entity in connection with these chapter 11 cases;

(b)    I am not related or connected to and, to the best of my knowledge, no other professional of TSI is related to or connected to any United States Bankruptcy Judge for the Southern District of Florida or the United States trustee or to any employee in the offices thereof;

(c)    TSI will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the notice, claims, and balloting agent in these chapter 11 cases;

(d)    By accepting employment in these chapter 11 cases, TSI waives any rights to receive compensation from the United States government;

(e)    In its capacity as the notice and balloting agent in these chapter 11 cases, TSI will not be an agent of the United States and will not act on behalf of the United States;

(f)    TSI will not employ any past or present employees of the Debtor in connection with its work as the notice, claims, and balloting agent in these chapter 11 cases;

(g)    In its capacity as notice and balloting agent in these chapter 11 cases, TSI will not misrepresent any fact to any person; and

(h)    None of the services provided by TSI as notice and balloting agent shall be at the expense of the Clerk's Office.

5.    To the best of my knowledge: (a) neither TSI nor any of its employees has any connection with the Debtor, its creditors, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b) TSI and each of its employees are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code; and (c) neither TSI nor any of its employees hold or represent an interest adverse to the Debtor's estate. Berger Singerman, proposed bankruptcy counsel for the Debtor, has worked on a number of matters that are wholly unrelated to the instant bankruptcy case in which TSI has been

3655043-4                                                    2

involved as the agent of the Court. Additionally, I have worked with Berger Singerman on various matters in my capacity as a trustee or receiver in matters wholly unrelated to the instant bankruptcy case.

6.    TSI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or relationships are discovered, TSI will supplement its disclosure to the Court.

7.    In performing the services of notice, claims, and balloting agent, TSI will charge the Debtor the rates set forth in the TSI Agreement, which is attached as Exhibit B to the Application.

8.    TSI shall perform the duties within the scope of its appointment under 28 U.S.C. § 156(c) regardless of whether TSI has received payment in accordance with the TSI Agreement. To the extent that TSI requires redress for non-payment of its fees and expenses, it will seek relief from the Court.

9.    There is no agreement or understanding between TSI and any other person or entity for sharing compensation received or to be received for services rendered by TSI in connection with these chapter 11 cases.

10.    TSI will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

Executed on May 16, 2011.

Kenneth A. Welt, President
Trustee Services, Inc.

Subscribed and sworn to before me on this 16ᵗʰ day of May, 2011 by Kenneth A. Welt, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS my hand and official seal.

Signature _____

```
┌─────────────────────────────────────┐
│           LISA ROWE SMITH            │
│   Notary Public - State of Florida   │
│   My Comm. Expires Nov 2, 2014       │
│        Commission # EE 39550         │
│   Bonded Through National Notary Assn.│
└─────────────────────────────────────┘
```

3655043-4

4

**EXHIBIT "B"**

**(TSI Agreement)**



## AGREEMENT FOR SERVICES

**THIS AGREEMENT** entered into as of May __11__, 2011 between **Trustee Services, Inc.** (herein after referred to as the "TSI" or "Company") and **HEARUSA Inc,** the Debtor (herein after referred to as the "HearUSA" or the "Debtor").

Trustee Services, Inc. shall mean Trustee Services, Inc., its servants, agents, employees, licenses and subcontractors and HearUSA. shall mean its servants, agents, employees, licenses and subcontractors

The services rendered by the Company will commence on May 11 2011 and continue until either party shall exercise its rights of suspension as set forth below.

**The Terms and Conditions are as follows:**

**Consultation Services:**

TSI agrees to provide the debtor with consulting services regarding Noticing, Claim Management and Reconciliation, Plan Solicitation, Balloting, Disbursements and any other services agreed upon by the parties. TSI may, upon request, provide communication plans including web page design, hosting and management.

**Document Management:**

TSI agrees to provide copy and noticing services consistent with the applicable Local Rules of the United States Bankruptcy Court for the Southern District of Florida.

**Prices, Charges & Payment:**

A. TSI agrees to charge and the Debtor agrees to pay for the services rendered for its service and expenses at the rates or prices as provided on the attached price list.

B. The Debtor agrees to reimburse the Company for reasonable expenses and this amount shall be included in the billings to the Debtor.

C. The parties intend that the Company shall be employed pursuant to 28 U.S.C. §156 c as the Debtors files for protection pursuant to Chapter 11 of the United States Bankruptcy Code. If any of the cases filed under Chapter 11 convert to cases under Chapter 7, the Company will be continued to be paid for its services until the claims filed in the Chapter 11 cases have been processed completely; to that extent and to the extent that the claims agent representation is necessary in the converted case, the Company will be paid in accordance with the provisions under 28 U.S.C. §156 (c)

D. The Company will submit invoices to the Debtor within ten (10) days of the end of each month. The Debtor agrees that the amount invoiced is due and payable upon the receipt of this invoice.

E. The Company shall receive a retainer in the amount of $30,000.00 for services to be performed and expenses to be incurred in this matter. It is understood that this amount can be drawn upon to pay for postage as incurred.

F. During the tenure of this agreement, the Company will immediately deliver to the Debtor, at the Debtor's expense, any and all of the non-proprietary data and records held by the Company as requested by the Debtor.

## Confidentiality:

TSI, on behalf of itself and its employees, agrees to keep confidential all records and other information of the Debtor. The Debtor agrees to keep all proprietary information of Trustee Services, Inc. confidential as well.

## Suspension of Service and Termination

This agreement shall remain in force until termination by either party upon thirty (30) days written notice to the other party, or for cause, in which event no notice shall be required. "Cause" shall mean an act or omission by the Company performed with either gross negligence or wanton misconduct that causes harm to the Debtor's Chapter 11 filing.

In the event that this Agreement is terminated, regardless of the reason, the Company shall cooperate with the Debtor to maintain an orderly transfer of record keeping functions, if such should prove necessary, and shall provide all necessary staff, services, and assistance required for an orderly transfer. The Debtor agrees to pay for such services in accordance with TSI then existing prices for such services.

## Limitations of Liability and Idemnification

The Debtor shall indemnify and hold TSI its officers, employees and agents harmless against any loss, damages, judgments, liabilities and expense (including reasonable legal fees) resulting from action taken or permitted by the Company in good faith with due care and without gross negligence in reliance upon instructions or orders received from the Debtor as to anything arising in connection with its performance under this agreement. Company shall be without liability to the Debtor with respect to any performance or non-performance, in accordance with the terms of this agreement or instructions properly received pursuant hereto, if done in good faith and without gross negligence or willful or wanton misconduct.

## Independent Contractors

TSI and the Debtor are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationships shall arise, directly or indirectly, as a result of this agreement.

## Notices:

As to Trustee Services, Inc.

**Trustee Services, Inc.**
8255 West Sunrise Boulevard - #177
Plantation, Fla. 33322

As to the Debtor

**HearUSA, Inc.**
1250 Northpoint Parkway
West Palm Beach, FL 33407
Attn: Frank Punal

and a copy to:

Debi Evans Galler, Esq.
Berger Singerman
200 S. Biscayne Blvd. - Suite 2950
Miami, Fla. 33131-5308

## Applicable Law:

The validity, enforceability and performance of this agreement shall be governed by and construed in accordance with the laws of the State of Florida.

## Entire Agreement and Modifications:

Each part acknowledges that it has read the agreement, understands the terms and conditions of the agreement, and agrees to be bound by it. The parties also agree that it constitutes the complete and exclusive statements between the parties and it shall be the governing agreement between them. The Debtor represents that it has the authority to enter into this agreement and the agreement is non-dischargeable under any applicable law. If any provision of this agreement shall be held to be invalid, illegal and unenforceable, the validity legality and enforceability of the remaining provisions shall in no way be affected or impaired. This agreement may be modified only by a written instrument fully executed by the parties.

## Assignment:

This agreement and the rights hereunder shall not be assignable by the parties except upon the written consent of the other.

IN WITNESS WHEREOF the parties hereto have executed this agreement effective as of the first date mentioned above.

| Agreed To: | Agreed To: |
| --- | --- |
| For:<br>HearUSA, Inc. | For:<br>Trustee Services, Inc. |
| Date: 5 \| 11 \| 2011 | Date: 5/11/11 |
| Please Print Name & Title:<br>**Frank Punal** | Please Print Name & Title:<br>**Kenneth A. Welt, President** |

**EXHIBIT "C"**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11 Case

HearUSA, Inc.,[1]                                  Case No. 11-_____

       Debtor.
_____/

**ORDER APPROVING DEBTOR'S APPLICATION FOR APPROVAL OF
EMPLOYMENT OF TRUSTEE SERVICES, INC. AS NOTICE, CLAIMS AND
BALLOTING AGENT OF THE BANKRUPTCY COURT**

THE MATTER came the Court on the ____ day of _____ 2011 at __:__ __.m., in

West Palm Beach, Florida, upon application (the "Application") of the Debtor in the above-

captioned case for an order, pursuant to 28 U.S.C. § 156(c) and Rule 2002(f) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Debtor's agreement

with Trustee Services, Inc. ("TSI") and appointing TSI as Agent of the Court in this chapter 11

---

[1] The address of the Debtor is 1250 Northpoint Parkway, West Palm Beach, Florida 33407; and the last four digits
of the taxpayer identification number of the Debtor are (8248).

2

case; and upon the *Affidavit of Kenneth A. Welt, in Support of the Application for Approval of Employment of Trustee Services, Inc. as Agent of the Bankruptcy Court* (the "Welt Affidavit"), attached to the Application as <u>Exhibit A</u>; and due and adequate notice of the Application having been given; and it appearing that no other or further notice need be provided; and the Court being satisfied that TSI is a "disinterested person" as such term is defined under section 101(14), as modified by section 1107(b), of the Bankruptcy Code; and it appearing that the relief requested by this Application is in the best interests of the estate, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that:

1.      The Application is **GRANTED.**

2.      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3.      The Debtor is authorized to retain and employ TSI as notice and balloting agent subject to the terms of the TSI Agreement.

4.      The Debtor is authorized to retain and employ TSI effective as of May 10, 2011, the date of the TSI Agreement, to perform the services set forth in the TSI Agreement.

5.      The Court and TSI will implement an Internet link on the Court's website that can direct parties in interest to the website maintained by TSI for this Chapter 11 case.

6.      The Debtor is authorized to pay TSI's fees and expenses as set forth in the TSI Agreement without the necessity of TSI filing fee applications with this Court; provided, however, that TSI shall, on a monthly basis, submit detailed invoices to the Debtor for services rendered, with a copy to the Office of the United States Trustee and, to the extent applicable, to counsel for any official committee(s) appointed during the course of this Chapter 11 case.

3

3655043-4

7.    Without further order of this Court, the fees and expenses of TSI incurred in performance of the services set forth in the TSI Agreement are to be treated as an administrative expense of the Debtor's estate and shall be paid by the Debtor from the assets of the Debtor's estate in the ordinary course of business after the submission of an invoice in reasonable detail describing the basis for the fees and expense requested to be paid thereto, unless TSI is advised that the Debtor or the Official Committee of Unsecured Creditors (if one is appointed in this case) or the Office of the United States Trustee objects to the invoice, in which case the Debtor will schedule a hearing before the Court to consider the disputed invoice.  In such case, the Debtor shall remit to TSI only the undisputed portion of the invoice and, if applicable, shall pay the remainder to TSI upon the resolution of the disputed amount, as mandated by this Court.

8.    If this case is converted to a case under Chapter 7 of the Bankruptcy Code, and the Chapter 7 trustee elects to use the services of a claims agent, TSI will continue to be paid for its services until all claims in this case have been processed; and if claims agent representation is necessary in the converted Chapter 7 case, TSI will continue to be paid in accordance with 28 U.S.C. § 156(c) under the terms of the TSI Agreement and hereof.

9.    If TSI is unable to provide the services set forth in the Agreement, TSI will immediately notify the Clerk's Office, the Debtor, and Debtor's counsel and cause all computer information to be turned over to another claims agent with the advice and consent of the Clerk, the Debtor, and Debtor's counsel; provided however, that TSI will not withdraw from this Chapter 11 Case without permission from the Court.

10.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application. TSI is authorized to accept for filing all proofs of claim and ballots, which shall be processed in accordance with: (a) orders of

4

this Court; (b) Clerk's Office of the Bankruptcy Court for the Southern District of Florida ("Clerk's Office") direction and guidelines; and (c) any third party agreement between TSI and Clerk's Office relating to this case.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
Berger Singerman, P.A.
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Phone: (305) 755-9500
Fax: (305) 714-4340
singerman@bergersingerman.com

Copy furnished to:
Paul Steven Singerman, Esq.
*(Attorney Singerman is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

3655043-4