UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                  Chapter 11 Case

HearUSA, Inc., [1]                                      Case No. 11-_____

        Debtor.
_____/

**DEBTOR'S EMERGENCY MOTION SEEKING APPROVAL TO RETAIN AND EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**
**(Emergency Hearing Requested)**

**Statement of Exigent Circumstances**

By this Motion, the Debtor seeks entry of an order authorizing the Debtor to retain and employ certain professionals utilized by the Debtor in the ordinary course of their businesses. The emergency arises because the Debtor utilizes these professionals to assist in its ongoing business operations. The Debtor respectfully requests that the Court waive the provisions of Local Rule 9075-1 (B) which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

HearUSA, Inc. (the "Debtor"), by and through undersigned counsel, files this motion, pursuant to 11 U.S.C. §§ 105(a), 363 and 1108, seeking entry of an order authorizing the Debtor to retain and compensate certain professionals utilized in the ordinary course of the Debtor's businesses, *nunc pro tunc* to the Petition Date (as defined below). In support of this Motion, the Debtor relies upon the *Declaration of Joseph J. Luzinski in Support of Chapter 11 Petition and Request for First Day Relief* (the "First Day Declaration") filed on the Petition Date, and respectfully represents as follows:

---

[1] The address of the Debtor is 1250 Northpoint Parkway, West Palm Beach, Florida 33407; and the last four digits of the taxpayer identification number of the Debtor are (8248).

3629667-3

## I. Jurisdiction

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## II. Background

2. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3. The Debtor is operating its businesses and managing its affairs as debtor in possession. 11 U.S.C. §§ 1107(a) and 1108.

4. For a detailed description of the Debtor and its operations, the Debtor respectfully refer the Court and parties in interest to the First Day Declaration.

## III. Relief Requested

5. Prior to the Petition Date, the Debtor customarily engaged various attorneys to represent it in matters arising in the ordinary course of business (the "Ordinary Course Professionals"). Specifically, the Debtor regularly employed Ordinary Course Professionals to render pre-petition legal services relating to, among other things: preparation of tax returns and representation of the Debtor related to immigration, Medicaid and landlord disputes. The Debtor will continue to require the services of the Ordinary Course Professionals while operating as debtor-in-possession and completing its reorganization efforts. A list of the Ordinary Course Professionals utilized by the Debtor is attached hereto as **Exhibit "A."**

6. These Ordinary Course Professionals are distinct from those professionals who are tasked specifically with assisting the Debtor with its Chapter 11 restructuring (for whom the Debtor is seeking to employ through separate applications to this Court).

7. The uninterrupted service of the Ordinary Course Professionals is critical to the Debtor's ability to continue operations and successfully reorganize. The Debtor desires to continue to employ and retain Ordinary Course Professionals to render services to its estate that are similar to those rendered prior to the commencement of this Chapter 11 case. Although the Debtor anticipates that the Ordinary Course Professionals will wish to continue to represent the Debtor on an ongoing basis, some may not be in a position to do so if the Debtor cannot pay them on a regular basis. Without the background knowledge, expertise and familiarity that the Ordinary Course Professionals have relative to the Debtor and its business, the Debtor undoubtedly would incur additional and unnecessary expenses in educating replacement legal professionals about the Debtor's legal matters. The Debtor's estate and its creditors are best served by avoiding any disruption in the professional services that are required for the day-to-day operations of the Debtor. The Debtor submits that it would be impractical, inefficient and costly for the Debtor and its legal advisors to prepare and submit individual applications and proposed retention orders for each of the Ordinary Course Professionals.

8. Although some of the Ordinary Course Professionals may hold relatively small unsecured claims against the Debtor in connection with services rendered to the Debtor pre-petition, the Debtor does not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtor, its creditors or other parties in interest. The Ordinary Course Professionals will assist with the Debtor's ongoing pre-petition legal matters as identified in paragraph 5 above, and will not be involved with the administration of the Chapter 11 case.

Thus, the Debtor believes that the Ordinary Course Professionals do not constitute "professional persons" within the meaning of § 327 of the Bankruptcy Code. Nonetheless, out of an abundance of caution, the Debtor is moving this Court for an order authorizing the retention of the Ordinary Course Professionals.

9. With respect to the Ordinary Course Professionals, the Debtor requests that the Court dispense with the requirement of individual employment applications and retention orders, and that each Ordinary Course Professional be retained as of the Petition Date on terms substantially similar to those in effect prior to the Petition Date, but subject to the following terms and procedures (the "Compensation Procedures"):[2]

    a. The Debtor shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and disbursements to each of the Ordinary Course Professionals retained by the Debtor upon (i) each Ordinary Course Professional's submission of a Declaration of Disinterestedness (as defined below) and (ii) upon the Debtor's submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided, however, that each Ordinary Course Professional's fees, excluding costs and disbursements, do not exceed $25,000 per month while this Chapter 11 case is pending.

    b. Any payments to an Ordinary Course Professional in excess of the fee cap set forth in clause (a) above shall be subject to prior approval of the Court in accordance with section 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of Florida (the "Local Rules"), the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court.

    c. No later than twenty (20) days after the entry of an order granting this motion, each Ordinary Course Professional on the list annexed hereto as Exhibit "A" shall file with the Court and serve upon (i) the Office of the United States Trustee for the Southern District of Florida (the "U.S. Trustee"); (ii) the entities listed on the Debtor's List of Twenty Largest Unsecured Creditors filed pursuant to Bankruptcy Rule 1007(d); (iii)

---

[2] The Debtor also propose to reserves the right to retain additional Ordinary Course Professionals from time to time during this case, as the need arises, by filing a list of lists of such additional professionals with the Court and serving the same on the Notice Parties (defined below).

3629667-3
4

counsel to the Debtor's DIP Agent; and (iv) counsel to any statutory committee (together, the "Notice Parties") a declaration of disinterestedness (the "Declaration of Disinterestedness") substantially similar to the form annexed as **Exhibit "B"**.

d. The Notice Parties shall have ten (10) days after the service of each Ordinary Course Professional's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such Ordinary Course Professional. The objecting party shall serve any such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline. If any such objection cannot be resolved within ten (10) days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the parties thereto. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtor shall be authorized as a final matter to retain and pay such Ordinary Course Professional to whom an objection was not filed.

e. Beginning on July 1, 2011, and on the first day of each quarter thereafter in which this Chapter 11 case is pending, the Debtor shall file with the Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during the immediately preceding three-month period. Each Ordinary Course Professional's statement shall include the following information: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported quarter and (iii) a general description of the services rendered by that Ordinary Course Professional.

f. The Debtor reserves the right to supplement the list of Ordinary Course Professionals as necessary to add or remove Ordinary Course Professionals from time to time in its sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added Ordinary Course Professionals. In such event, the Debtor proposes to file a notice with the Court listing the additional Ordinary Course Professionals that the Debtor intends to employ (the "Ordinary Course Professional Notice") and to serve notice on the Notice Parties. Additionally, each additional Ordinary Course Professional listed in the Ordinary Course Professional Notice shall serve a Declaration of Disinterestedness on the Notice Parties. If, within ten (10) days of service of the Declaration of Disinterestedness, no objections are filed to any such additional Ordinary Course Professional, then retention of the Ordinary Course Professionals shall be deemed approved by the Court without a hearing or further order.

10. As set forth above, although certain of the Ordinary Course Professionals may hold pre-petition claims against the Debtor, the Debtor does not foresee that such claims will hinder the Ordinary Course Professionals from rendering services during the pendency of this Chapter 11 case. Moreover, to the extent that the Debtor seeks authority to pay any amounts owing to the Ordinary Course Professionals on account of services rendered prior to the Petition Date, such relief will be subject of a separate motion.

### IV.     Applicable Authority

11. Courts in this district and other districts consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, and, therefore, must be retained by express approval of the court:

   a. whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

   b. whether the entity is involved in negotiating the terms of a plan of reorganization;

   c. whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

   d. whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

   e. the extent of the entity's involvement in the administration of the debtor's estate; and

   f. whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re ITG Vegas, Inc.*, 2007 WL 1087212, at *1 (Bankr. S.D. Fla. 2007) *citing In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *2 (Bankr. D. Del. 1997) ("The six-factor test … is designed to harmonize … limit[ing] the definition of professionals to those occupations that play a central part in the reorganization, with those cases that define a professional as an

3629667-3                                                           6

employee that is given discretion or autonomy in some part of the debtor's estate."); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (only those professionals involved in the actual reorganization effort, rather than the debtor's ongoing business, require approval under section 327); *see also In re That's Entm't Mktg. Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327).

12. The foregoing factors must be considered in totality (*i.e.*, none of the factors alone is dispositive). *In re ITG Vegas, Inc.*, at *2 (weighing the above factors against one another and considering them in totality). Considering all of the factors, the Debtor does not believe that the Ordinary Course Professionals are "professionals" within the meaning of section 327. Specifically, the Ordinary Course Professionals will not be involved in the administration of this Chapter 11 case but, instead, will provide services in connection with the Debtor's ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtor seeks the relief requested in this Motion to establish clear mechanisms for retention and payment of Ordinary Course Professionals and thereby avoid any subsequent controversy with respect thereto.

13. The relief sought herein is not unusual considering the size and complexity of the case. In fact, courts in this district and elsewhere have routinely granted the same or similar relief to Chapter 11 debtors in other Chapter 11 cases. *See e.g., In re Medical Staffing Network Holdings, Inc., et al.*, Case No. 10-29101 (Bankr. S.D. Fla. July 7, 2010); *In re TOUSA, Inc., et al.*, Case No. 08-10928 (Bankr. S.D. Fla. February 4, 2008); *In re The SCO Group, Inc., et al.*, Case No. 07-11337 (Bankr. D. Del. November 6, 2007); *In re All American Semiconductor, Inc.*, Case No. 07-12963 (Bankr. S.D. Fla. May 22, 2007); *In re Dura Auto. Sys., Inc.*, Case No. 06-

11202 (Bankr. D. Del. Nov. 20, 2006); *In re Gemini Cargo Logistics, Inc.*, Case No. 06-10870 (Bankr. S.D. Fla. Apr. 11, 2006); *In re Calpine Corp.*, Case No. 05-60200 (Bankr. S.D.N.Y. Jan. 25, 2006); *In re Atlas Worldwide Aviation Logistics, Inc.*, Case No. 04-10792 (Bankr. S.D. Fla. Feb. 10, 2004); *In re Fruit of the Loom, Inc.*, Case No. 99-4497 (Bankr. D. Del. Dec. 29, 1999); *In re London Fog Industries, Inc.*, Case No. 99-3446 (Bankr. D. Del. Sept. 27, 1999); *In re Zenith Electronics Corp.*, Case No. 99-2911 (Bankr. D. Del. Aug. 24, 1999); *In re Philip Services, Inc.*, No. 99-2385 (Bankr. D. Del. June 28, 1999).

14. The Debtor and its estate would be well served by continued retention of the Ordinary Course Professionals because of their established relationships with the Debtor and understanding of the Debtor and its operations.

15. In light of the fact that the Ordinary Course Professionals, will receive relatively modest fees, the Debtor submits that it would be impractical, inefficient and costly for the Debtor and its legal advisors to prepare and submit individual applications and proposed retention orders for each Ordinary Course Professional. Therefore, the Debtor submits that it is in the best interests of all creditors and parties in interest to avoid any disruption in the professional services that are required for day-to-day operation of the Debtor's businesses by retaining any compensating the Ordinary Course Professionals in accordance with the Compensation Procedures.

16. Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm.

17. The Debtor respectfully submits that failure to authorize the Debtor to retain the Ordinary Course Professionals within the first 20 days of this case would cause irreparable harm.

If the Debtor is to minimize any disruption to its business operations as a result of this case, it must be able to avail itself of the services of its Ordinary Course Professionals. These Ordinary Course Professionals are critical to the Debtor's key work streams, especially during this critical period.

18.    Further, the Debtor submits that immediate approval of the relief requested herein will not prejudice any of the parties in this Chapter 11 case. Pursuant to the Compensation Procedures, each of the Ordinary Course Professionals is required to submit a Declaration of Disinterestedness within 20 days of the entry of an order granting such relief. All parties in interest then have an additional 10 days to object to the Ordinary Course Professionals' retention in this case. As such, all parties in interest, including the Office of the United States Trustee retains the right to further examine the appropriateness of the retention of each individual Ordinary Course Professional.

19.    Accordingly, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an order, substantially in the form annexed hereto as **Exhibit "C"**, authorizing the Debtor to retain and employ the Ordinary Course Professionals.

**WHEREFORE**, the Debtor requests that the Court enter an order in the form attached hereto as **Exhibit "C"** (i) authorizing the Debtor to retain and compensate the Ordinary Course Professionals pursuant to the terms and conditions set forth herein and pursuant to the Compensation Procedures, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: May 16, 2011

Respectfully submitted,

BERGER SINGERMAN, P.A.
*Proposed Counsel for Debtor-in-Possession*
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2782

and

200 S. Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:  */s/ Paul Steven Singerman*
       Paul Steven Singerman
       Florida Bar No. 378860
       singerman@bergersingerman.com
       Brian K. Gart
       Florida Bar No. 381152
       bgart@bergersingerman.com

## EXHIBIT "A"

### (List of Ordinary Course Professionals)

| Name of Company | Contact Person | Type/Category |
|---|---|---|
| Leibl and Kirkwood<br>12865 Point Del Mar, Ste. 190<br>Del Mar, CA 92014 | | Immigation matters |
| Greenberg Traurig<br>777 S. Flagler Drive, Ste. 300 East<br>West Palm Beach, FL 33401 | Patricia A. Leonard | Landlord dispute matters |
| BDO Seidman<br>1601 Forum Place<br>Centurion Plaza, Ste. 904<br>West Palm Beach, FL 33401 | Jeff Balmer | Perform review of quarterly 10Q filings and prepare US Tax Returns |
| K&L Gates, LLP<br>One Lincoln Street<br>Boston, MA 02111 | Paul W. Shaw | Massachusetts Medicaid issues |
| Quatrini Law, PLC<br>8460 Tyco Road, Ste. H<br>Vienna, VA 22182 | Phillip A. Quatrini | Contractual and regulatory matters |
| Patton Boggs, LLP<br>2550 M. Street, N.W.<br>Washington, D.C. 20037 | | Healthcare counsel |
| Law Office of Rosario Fell, Esq.<br>9 Middlesex St.<br>Lowell, MA 01852 | Rosario Fell[3] | Leasing matters |

---

[3] Rasario Fell is related to Eugene Fell, the Debtor's Senior Vice President Business Development.

3629667-3                                      11

# EXHIBIT "B"

**(Declaration of Disinterestedness)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                  Chapter 11 Case

HearUSA, Inc., [1]                                                      Case No. 11-_____

      Debtor.
_____/

## DECLARATION OF DISINTERESTEDNESS

I, _____, **declare under penalty of perjury:**

    1.    I am a **[position]** of **[Company]**, located at **[Street, City, State, Zip Code]** (the "Company").

    2.    The above-captioned debtor and debtor in possession (the "Debtor") have requested that the Company provide **[specific description]** services to the Debtor, and the Company has consented to provide such services.

    3.    The Company may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to this Chapter 11 case, for persons that are parties-in-interest in the Debtor's Chapter 11 case. The Company does not perform services for any such person in connection with this Chapter 11 case, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtor or its estate.

    4.    As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimants, and parties-in-interest in this Chapter 11 case.

    5.    Neither I nor **[any principal, partners, director, officer, etc.]** of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principal and regular employees of the Company.

    6.    Neither I nor **[any principal, partner, director, officer, etc.]** of, or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtor or its estate with respect to the matter(s) upon which this Company is to be employed.

---

[1] The address of the Debtor is 1250 Northpoint Parkway, West Palm Beach, Florida 33407; and the last four digits of the taxpayer identification number of the Debtor are (8248).

3651760-1

7. The Debtor owes the Company [$_____] for pre-petition services, the payment of which is subject to limitations contained in United States Bankruptcy Code, 11 U.S.C. § 101, et seq.

8. As of the Petition Date, the Company [was/was not] party to the agreement for indemnification of the Debtor. [**A copy of such agreement is attached as Exhibit 1 to this Declaration**].

9. The Company is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2011.


_____
**[DECLARANT]**

# EXHIBIT "C"

### (Proposed Order)

3629667-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                              Chapter 11 Case

HearUSA, Inc.,[1]                                                              Case No. 11-_____

        Debtor.
_____/

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION SEEKING
APPROVAL TO RETAIN AND EMPLOY PROFESSIONALS UTILIZED
IN THE ORDINARY COURSE OF BUSINESS**

**THIS MATTER** came before the Court on the ____ day of May, 2011 at ____ a.m./p.m. in West Palm Beach, Florida, upon the *Debtor's Emergency Motion Seeking Approval to Retain and Employ Professionals Utilized in the Ordinary Course of Business* [D.E. ___] (the "Motion"), seeking the entry of an order authorizing the Debtor to retain and compensate certain professionals utilized in the ordinary course of the Debtor's business. The Court, having considered the Motion, it appearing that the relief requested in the Motion is in the best interests

---

[1] The address of the Debtor is 1250 Northpoint Parkway, West Palm Beach, Florida 33407; and the last four digits of the taxpayer identification number of the Debtor are (8248).

3649820-1

of the Debtor's estate, its creditors and other parties in interest; and it appearing that the relief requested by the Motion is necessary to avoid immediate and irreparable harm to the Debtor's estate; and good, adequate and sufficient cause has been shown to justify the immediate entry of this Order; the Court, having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that:

1.   The Motion is **GRANTED**.

2.   The Debtor is authorized, but not required, to retain and pay reasonable fees and expenses for the services of the Ordinary Course Professionals[2] to assist and advise the Debtor in the operation of its business and to defend the Debtor in matters arising in the ordinary course of the Debtor's business.

3.   The following procedures for the retention of the Ordinary Course Professionals are hereby approved:

>   a.   The Debtor shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and disbursements to each of the Ordinary Course Professionals retained by the Debtor upon (i) each Ordinary Course Professional's submission of a Declaration of Disinterestedness (as defined below) and (ii) upon the Debtor's submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided, however, that each Ordinary Course Professional's fees, excluding costs and disbursements, do not exceed $25,000 per month while this Chapter 11 case is pending.

---

[2] Capitalized terms used herein shall have the meanings ascribed in the Motion.

3649820-1                                                      2

b.  Any payments to an Ordinary Course Professional in excess of the fee cap set forth in clause (a) above shall be subject to prior approval of the Court in accordance with section 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of Florida (the "Local Rules"), the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court.

c.  No later than twenty (20) days after the entry of this order, each Ordinary Course Professional on the list annexed hereto as **Exhibit "A"** shall file with the Court and serve upon (i) the Office of the United States Trustee for the Southern District of Florida (the "U.S. Trustee"); (ii) the entities listed on the Debtors' List of Twenty Largest Unsecured Creditors filed pursuant to Bankruptcy Rule 1007(d); (iii) counsel to the Debtor's DIP Agent; and (iv) counsel to any statutory committee (together, the "Notice Parties") a declaration of disinterestedness (the "Declaration of Disinterestedness") substantially similar to the form annexed as **Exhibit "B"**.

d.  The Notice Parties shall have ten (10) days after the service of each Ordinary Course Professional's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such Ordinary Course Professional. The objecting party shall serve any such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline. If any such objection cannot be resolved within ten (10) days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the parties thereto. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized as a final matter to retain and pay such Ordinary Course Professional to whom an objection was not filed.

e.  Beginning on July 1, 2011, and on the first day of each quarter thereafter in which this Chapter 11 case is pending, the Debtor shall file with the Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during the immediately preceding three-month period. Each Ordinary Course Professional's statement shall include the following information: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported quarter and (iii) a general description of the services rendered by that Ordinary Course Professional.

  f.  The Debtor reserves the right to supplement the list of Ordinary Course Professionals as necessary to add or remove Ordinary Course Professionals from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added Ordinary Course Professionals. In such event, the Debtor proposes to file a notice with the Court listing the additional Ordinary Course Professionals that the Debtor intends to employ (the "Ordinary Course Professional Notice") and to serve notice on the Notice Parties. Additionally, each additional Ordinary Course Professional listed in the Ordinary Course Professional Notice shall serve a Declaration of Disinterestedness on the Notice Parties. If, within ten (10) days of service of the Declaration of Disinterestedness, no objections are filed to any such additional Ordinary Course Professional, then retention of the Ordinary Course Professionals shall be deemed approved by the Court without a hearing or further order.

4.  The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

6.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
Berger Singerman, P.A.
200 S. Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
singerman@bergersingerman.com

Copy furnished to:
Paul Steven Singerman, Esq.
*(Attorney Singerman is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*