

**ORDERED in the Southern District of Florida on May 20, 2011.**

*[signature]*

**Erik P. Kimball, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                Chapter 11 Case

HearUSA, Inc.,[1]                                                Case No. 11-23341-BKC-BKC

     Debtor.
_____/

### ORDER GRANTING IN PART, AND DENYING IN PART, DEBTOR'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF CRITICAL VENDORS

**THIS MATTER** came before the Court on the 18th day of May, 2011 at 1:00 p.m. and for rehearing on May 19, 2011 at 1:15 p.m., in West Palm Beach, Florida, upon the *Debtor's Emergency Motion for an Order Authorizing Payment of Prepetition Claims of Critical Vendors* [D.E. #25] (the "Motion"), filed by the Debtor, HearUSA, Inc. (the "Debtor"), and the *Limited Objection and Reservation of Rights of Siemens Hearing Instruments, Inc. to the Debtor's Motion* [D.E. # 39] (the "Siemens Objection"). The Court, having considered the Motion, the

---

[1] The address of the Debtor is 1250 Northpoint Parkway, West Palm Beach, Florida 33407; and the last four digits of the taxpayer identification number of the Debtor are (8248).

3667338-2

Siemens Objection and finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. § 1408; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and the hearing thereon was sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein, it is

**ORDERED THAT**:

1.  The Motion is **GRANTED in part and DENIED in part**.

2.  The Siemens Objection is **SUSTAINED,** without prejudice to the Debtor's ability to seek further relief with respect to Phonak.

3.  The Debtor is authorized, but not directed, to pay in the ordinary course of its business, as and when due, the claims of Oaktree and Precision Mold[2] to satisfy the Critical Vendor Claims as set forth on **Exhibit "A"** to this Order.

4.  Oaktree and Precision Mold shall continue to provide the Debtor with the same services, upon the same terms, as they provided prior to the Petition Date upon payment of the Critical Vendor Claims.

5.  Notwithstanding anything to the contrary herein, any payment to be made hereunder shall be subject to the requirements imposed on the Debtor under any approved debtor-in-possession financing facility, any budget prepared in connection therewith, and any order regarding the use of cash collateral.

---

[2] Capitalized terms used herein shall have the meanings ascribed to them in the Motion.

6. The Court shall retain jurisdiction over this matter to provide for such additional and further relief necessary to enforce the terms and conditions of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
Berger Singerman, P.A.
200 S. Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone:  (305) 755-9500
Facsimile:   (305) 714-4340
singerman@bergersingerman.com


Copy furnished to:
Paul Steven Singerman, Esq.
(*Attorney Singerman is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court*).

## EXHIBIT "A"

| **Name and Address of Vendor to be Paid** | **Amount Authorized to be Paid** |
|---|---|
| Oaktree Products, Inc.<br>716-J Brown Industrial<br>Chesterfield, MO 63005 | $61,021.44 |
| Precision Mold Laboratories<br>PO Box 609500<br>Orlando, FL 32860-9990 | $46,337.85 |