**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

*In re:*

**HearUSA, INC.**                                    **CHAPTER 11**

           **Debtor.**                          **CASE NO.: 11-23341-BKC-EPK**

_____/

### APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR APPROVAL OF EMPLOYMENT OF EHRENSTEIN CHARBONNEAU CALDERIN AS COUNSEL FOR THE COMMITTEE

The OFFICIAL COMMITTEE OF UNSECURED CREDITORS (the "Committee") of

HearUSA, Inc (the "Debtor") respectfully requests the entry of an order of the Court authorizing

the employment of Robert Paul Charbonneau ("Charbonneau") and the law firm of Ehrenstein

Charbonneau Calderin ("ECC") to represent the Committee in this case (the "Application"), and

states as follows:

1.      On May 15, 2011, the Debtor filed a Voluntary Petition under Chapter 11 of the

United States Bankruptcy Code.

2.      The Committee was appointed by the Office of the United States Trustee on

May 25, 2011 [ECF# 78]. The Chair of the Committee was elected at a duly organized and

noticed meeting of the Committee, and supports this Application and believes that employing

ECC as counsel to the Committee is in the best interests of the Committee and the unsecured

creditors in this case.

3.      The Committee believes that Charbonneau and the attorneys of ECC have

considerable experience in matters of this nature, that Charbonneau and ECC are qualified to

practice in this Court, and are qualified to advise the Committee on its relations with, and

responsibilities to the creditors, Debtor, and other interested parties in these proceedings.

4.      The professional services Charbonneau and ECC will render are summarized as follows:

      a.     to give advice to the Committee with respect to its powers and duties as the Committee;

      b.     to represent the Committee in all proceedings before this Court;

      c.     to prepare and review motions, pleadings, orders, applications, adversary proceedings, and other legal documents arising in this case;

      d.     to represent the Committee in negotiations with the Debtor and other parties in interest; and

      e.     to perform all other legal services for the Committee, which may be necessary.

5.      Based on the foregoing required services, it is necessary for the Committee to employ an experienced and skilled attorney to perform such professional services.

6.      To the best of the Committee's knowledge, except as disclosed in the Affidavit of Proposed Attorney for Official Committee of Unsecured Creditors sworn to by Charbonneau and filed by ECC (the "Charbonneau Affidavit"), neither Charbonneau nor ECC has any connection with the creditors, the Debtor, or other parties in interest or their respective attorneys. As set forth in the Charbonneau Affidavit, to the best of the knowledge of Charbonneau and ECC, neither Charbonneau nor ECC represents any interest adverse to the Debtor, the Estate, or its creditors.

7.      Because of the extensive legal services required the Committee desires to employ Charbonneau and ECC with compensation to be approved by the Court, under the professional fee application procedures that the Court approves.

8.      Attached to this Application is the Charbonneau Affidavit demonstrating that under these circumstances Charbonneau and ECC are disinterested as required by

11 U.S.C. § 327(a), and a verified statement as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Committee requests an Order approving this Application and authorizing the retention of Robert Paul Charbonneau and the Law Firm of Ehrenstein Charbonneau Calderin to represent it in these proceedings under Chapter 11 of the Bankruptcy Code, and for such other and further relief as is just.

RESPECTFULLY SUBMITTED this 26th day of May 2011.

By: _____
Daniel Stansky, Committee Chair
JKG Group
990 Rogers Circle
Suite 8
Boca Raton, FL 33487
Tele: 561-628-6927
Fax: 866-537-0425
EMAIL - dstansky@jkggroup.com

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

*In re:*

**HearUSA, INC.**                                         **CHAPTER 11**

            **Debtor.**                                     **CASE NO.: 11-23341-BKC-EPK**

_____/

**AFFIDAVIT OF DISINTERESTEDNESS OF PROPOSED**
**ATTORNEY FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

STATE OF FLORIDA            )
                            ) SS:
COUNTY OF MIAMI-DADE        )

    **BEFORE ME**, the undersigned authority, personally appeared ROBERT PAUL CHARBONNEAU, in Miami, Florida, who after being duly sworn, deposes and says as follows:

    1.    I am an attorney admitted to practice in the State of Florida and the United States District Court for the Southern District of Florida.

    2.    I am a member of the Law Firm of EHRENSTEIN CHARBONNEAU CALDERIN ("ECC"), with offices located at 501 Brickell Key Drive, Suite 300, Miami, Florida 33131. I am familiar with the matters set forth herein and make this Affidavit in support of the *Official Committee of Unsecured Creditors' Application to Employ Ehrenstein Charbonneau Calderin as Counsel to the Official Committee of Unsecured Creditors* (the "Application").

    3.    In support of the Application, I disclose the following:

    a. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

    b. In preparing this Declaration, I reviewed (i) lists of all of the creditors and

interested parties of the Debtor as provided by the Petition; and (ii) results of UCC searches performed in respect of the Debtor. I compared the information obtained with the information contained in our law firm's client and adverse party conflict check index system. The facts stated in this Declaration as to the relationship between other lawyers in our law firm and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101 (14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check index system. Specifically, I have caused to be conducted (i) a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph 2(b)2, and (ii) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtor and the creditors of the Debtor. Based upon such search, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of ECC.

4.      ECC's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm, and it is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time.  The information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

5.      Other than as set forth in this declaration, ECC neither holds nor represents any interest adverse to the Debtor and is a "disinterested person" within the scope and meaning of Section 101 (14) of the Bankruptcy Code.

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

6.      Neither I nor our firm has or will represent any other entity in connection with this case, and neither I nor our firm will accept any fee from any other party or parties in this case, except the Debtor-in-Possession, unless otherwise authorized by the Court.

7.      On May 26, 2011, the Official Committee of Unsecured Creditors retained ECC to act as its legal counsel in connection with the bankruptcy proceeding.

8.      ECC is not a creditor of, and asserts no prepetition claim against the Debtor.

9.      The professional fees and costs incurred by ECC in the course of its representation of the Committee in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Fed. R. Bankr. P. 2014 and 2016.

10.      The current hourly rates for the attorneys at ECC range from $150.00 to $425.00. My current hourly rate is $425.00. The current hourly rates for the associate attorneys who will work on this case range from $150.00 to $330.00. The current hourly rates for the legal assistants and paralegals at ECC range from $75.00 to $115.00. ECC typically adjusts its hourly rates annually on January 1st.

11.      There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by ECC nor any member, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

12.      No attorney in our firm holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

13.      No attorney in our firm is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

3

14.     No attorney in our firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

15.     No attorney in our firm is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

16.     No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the other, sale or issuance of a security of the Debtor, within two years before the Petition Date.

17.     No attorney in our firm has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the filing of the petition.

18.     No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

19.     Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtor, the Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States trustee, on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case; and (iii) my partner, Jacqueline Calderin, has been selected by the United States Trustee for Region 21 to serve as a panel trustee.

**REMAINDER OF PAGE LEFT INTENTIONALLY BLANK**

4

20.    This concludes my Declaration.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Robert P. Charbonneau Esq.
Florida Bar No: 968234

**SWORN TO AND SUBSCRIBED** before me this 26th day of May 2011.

NOTARY PUBLIC, STATE OF FLORIDA
Print Name: _Patricia Hornia_
Commission No. _EE 066901_
My Commission Expires: _2/22/15_

PATRICIA HORNIA
MY COMMISSION # EE 066901
EXPIRES: February 22, 2015
Bonded Thru Notary Public Underwriters

5