UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

HEARUSA, INC.,                                                   Case No. 11-23341-EPK

    Debtor.                                                Chapter 11
_____/

**OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' OBJECTION
TO SALE OF SUBSTANTIALLY ALL THE DEBTOR'S ASSETS FREE
AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS
AND RESERVATION OF RIGHTS IN RESPECT OF SALE HEARING**

*(Hearing scheduled for August 1, 2011 at 9:30 a.m.)*

The Official Committee of Equity Security Holders (the **"Equity Committee"**) of HearUSA, Inc. (the **"Debtor"**), objects pursuant to 11 U.S.C. §§ 105, 363, 365, and 502, to the proposed sale of substantially all of the Debtor's assets free and clear of all liens, claims, encumbrances and interests,[1] and, pursuant to the Court's June 8, 2011 *Order (A) Approving Competitive Bidding and Sale Procedures; (B) Approving Form and Manner of Notices; (C) Approving Asset Purchase Agreement; (D) Scheduling Dates to Conduct Auction and Hearing to Consider Final Approval of Sale, Including Treatment of Executory Contracts and Unexpired Leases; (E) Authorizing Sale of Substantially All the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (F) Granting Related Relief* (DE #132) (the **"Bidding Procedures Order"**), reserves all of its rights in respect of the August 1, 2011 Sale Hearing.  In support of the Objection, the Equity Committee would show as follows:

---

[1] Although the Bidding Procedures Order set an objection deadline of seven business days before the July 29, 2011 Auction (which would have made objections due by July 20, 2011 – the day before bids were even due to be submitted), the Debtor has extended the Equity Committee's objection deadline to 4:30 p.m. on July 25, 2011.

MIA 182,006,037v5

**Preliminary Statement**

1.  Notwithstanding the optimism and good intentions with which this case began, it has now become unfortunately clear that the sale process initiated by the Debtor has not achieved the stated objective of eliciting multiple bids to ensure a "robust" auction for the Debtor's assets. Rather, the Debtor has received only one competing bid for its assets – a bid by an affiliate of Siemens Hearing Instruments, Inc. (**"Siemens"**), which is a creditor, shareholder, and supplier of products to the Debtor. As it is now established that there will be no more than two bidders at the auction – Siemens, and the stalking horse bidder, William Demant Holdings A/S (**"Demant"**) – the Equity Committee believes that there is reason for further review and analysis of the alternatives that may be available to the Debtor and its estate.

2.  Given the character of the Siemens Bid as described in the Debtor's *Notice of Identity of Competing Bidder and Aggregate Consideration Offered* (DE #335) and discussed below, the Equity Committee has substantial concerns about whether the auction as presently constituted will result in meaningful competitive bidding based. In their current forms the only two bids received are vastly different, with the bulk of the consideration offered under the Siemens Bid in the form of the purported "elimination" of a premature and unresolved rejection damages claim. To whatever extent Siemens may seek to base any portion of its bid on the asserted value attached to its purported rejection damages claim, that portion of its bid must nevertheless be made in cash in order for any meaningful comparison of the final bids received at the auction.

3.  The Equity Committee is working diligently to resolve these issues and the resulting uncertainties in advance of the auction and Sale Hearing. Absent meaningful steps toward such a resolution, the Equity Committee must necessarily reserve all of its rights in respect of the Sale Hearing, including the right to ask the Court to consider the possibility of a

MIA 182,006,037v5

standalone restructuring under Chapter 11.[2]  The Equity Committee's request is based on, among other reasons, the following:

- A prompt sale of substantially all of the Debtor's assets may not be the best alternative for the Debtor and its estate;

- Siemens' attempted credit bid of both its asserted secured claim and its presumed rejection damages claim has not been approved or authorized by the Court;

- The close proximity of the Auction (on Friday, July 29) and the Sale Hearing (on Monday, August 1) does not provide a sufficient opportunity to analyze and compare the final bids to be offered by Siemens and Demant at the auction;

- A number of objections to cure costs need to be analyzed and addressed; and

- The Debtor has significant tax losses that may not be utilized to their fullest value under either bid.

### The Bids

4.  Demant's stalking horse bid is for a sale price of $70 million, plus certain assumed liabilities and payment of certain cure costs, as well as cancellation of its $10 million DIP loan.  Demant is also entitled to a $2.0 million breakup fee if it is not the prevailing purchaser.

5.  The Siemens' Bid purports to be for $75.482 million in "Total Cash (or such other equivalent consideration)," consisting of $7.5 million in cash, plus purported credit bids of $30.740 million for "Portion of Outstanding Principal Amount of the Secured Loan Credit Bid Pursuant to § 363(k)" and $37.242 million in "Elimination of Rejection Claim."  Like the Demant stalking horse bid, the Siemens Bid also includes certain Assumed Liabilities and

---

[2] To the extent that these uncertainties are not resolved prior to or at the auction on July 29, the Court may be unable to conduct the sale hearing as scheduled on August 1, 2011.  If so, the Equity Committee would propose that the Court hold a status conference on that date and establish a procedure to allow for more thorough and meaningful consideration of the two bids submitted for the Debtor's assets and, if appropriate, other alternatives that potentially could provide a greater return.

payment of certain Cure Costs – although in amounts different from the Demant bid – as well as repayment of up to $10 million of the Demant DIP loan.

## Objection

6. **Sale May Not Be Best Alternative for Debtor**. Since its formation the Equity Committee and its professionals (whose retentions were formally approved by the Court only this morning) have worked tirelessly to absorb mountains of information and assess a range of possible outcomes in this case, within the time frame fixed by the Bidding Procedures Order. As a part of that process, the Equity Committee and its professionals have obtained and reviewed extensive information from the Debtor and its professionals, and conducted their initial review of the competing bids received by the deadline of July 21, 2011. As of the date of this Objection, the Equity Committee remains unconvinced that a sale of all the Debtor's operating assets offers the highest and best return to equity holders. Prior to the approval of a 363 sale, the Equity Committee requires additional time to consider a sale of less than all of the operating assets with the retention of some component of the Debtor's current business, and/or a standalone reorganization plan based upon new financing and/or an additional infusion of equity without any divestiture of assets. Accordingly, the Equity Committee objects to approval of a sale of all the Debtor's assets at this time.

7. **Siemens' Asserted Credit Bid.** While paragraph 7 of the Bidding Procedures Order expressly contemplates that Demant may credit bid the current outstanding balance of its DIP Loan and its $2.0 million Break-up Fee, neither the Bidding Procedures Order nor the Bidding Procedures themselves contain any similar express contemplation for Siemens. Thus,

although Siemens may have the right to *assert* a right to credit bid,[3] the Court has made no determination that Siemens in fact has the right to credit bid.

8.	To that end, the Equity Committee objects to both the right of Siemens to credit bid under 11 U.S.C. § 363(k), and the amount of its proposed credit bid. As currently structured, the Siemens Bid includes an explicit credit bid of $30.740 million for "Portion of Outstanding Principal Amount of the Secured Loan Credit Bid Pursuant to § 363(k)" (the **"Asserted Secured Claim Credit Bid"**), *plus* additional non-cash consideration in the form of a $37.242 million item entitled, "Elimination of Rejection Claim" (the **"Asserted Rejection Claim Credit Bid"**).

9.	The Equity Committee has yet to receive sufficient information to evaluate the Asserted Secured Claim Credit Bid, and reserves the right to object to that credit bid in whole or in part. From the review conducted to date, it appears that the amount of the Asserted Secured Claim Credit Bid may include more than $500,000 in legal fees that Siemens claims to have incurred to two different law firms in connection with the now-dismissed pre-petition litigation in New York state court over a $2.3 million payment allegedly due from the Debtor under its Credit Agreement. Until such time, if ever, as the Court determines that the amount of these fees is reasonable, they should be excluded from any credit bid right afforded to Siemens.

10.	The Asserted Rejection Claim Credit Bid proceeds from the aggressive assumption that Siemens' Supply Agreement will be rejected, and that the resulting rejection damages claim will be $37.242 million. This attempt to assert an "implied" credit bid for "elimination" of a contingent, disputed and unliquidated rejection claim stretches 11 U.S.C. § 363(k) far beyond its existing framework and intent. Even if Siemens is allowed to credit bid its

---

[3] *See* Bidding Procedures at p. 2 ("A Bid must propose a purchase price equal to or greater than the sum of (i) 72,500,000 in cash (or such other equivalent consideration, including any credit bid asserted pursuant to Section 363(k) of the Bankruptcy Code) . . .").

Asserted Secured Claim, in whole or in part, there can be no competitive auction if it also is permitted to take a credit in an unsubstantiated and unsupportable amount for the purported elimination of an assumed rejection claim that has yet to materialize and assumes a rejection that may never occur.

11. Section 363(k) provides that:

> At a sale under subsection (b) of [Section 363] of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

The right to credit bid, therefore, is not absolute. *In re Philadelphia Newspapers*, 599 F.3d 298, 315 (3d Cir. 2010). Section 363(k) "gives courts the discretion to decide what constitutes 'cause' and the flexibility to fashion an appropriate remedy by conditioning credit bidding on a case-by-case basis." *In re River Road Hotel Partners*, 2010 WL 6634603, *1 (Bank. N. D. Ill. Oct. 5, 2010) (citations omitted).

12. As the Third Circuit noted in *Philadelphia Newspapers*:

> In a variety of cases where a debtor seeks to sell assets pursuant to § 363(b), courts have denied secured lenders the right to bid their credit. *See In re Aloha Airlines*, No. 08-00337, 2009 WL 1371950, at *8 (Bankr. D. Hawaii May 14, 2009) (determining that "cause exists to deny the credit bid" under § 363(k)); *Greenblatt v. Steinberg*, 339 B.R. 458, 463 (N.D. Ill. 2006) (holding the "bankruptcy court did not err in refusing to allow [a secured creditor] to credit bid"); *In re Antaeus Technical Servs., Inc.*, 345 B.R. 556, 565 (Bankr. W.D. Va. 2005) (denying right to credit bid to facilitate "fully competitive" cash auction); *In re Theroux*, 169 B.R. 498, 499 n. 3 (Bankr. D.R.I. 1994) (noting that "there is no absolute entitlement to credit bid").

*Philadelphia Newspapers*, 599 F.3d at 315-16. The Third Circuit also noted that the "for cause" exemption under Section 363(k) is *not* limited to situations in which a secured creditor has engaged in inequitable conduct, and stated that the arguments of the lenders in that case to the contrary had "no basis in the statute." *Id.* at 316 n.14. Rather, the Third Circuit concluded, "[a]

court may deny a lender the right to credit bid in the interest of any policy advanced by the Code, such as to ensure the success of the reorganization or to foster a competitive bidding environment." *Id.* (citing 3 Collier on Bankruptcy 363.09[1] ("The Court might [deny credit bidding] if permitting the lienholder to bid would chill the bidding process.")).

13. All of the foregoing authorities deal with the assertion of credit bid rights arising from a secured claim. As Judge Paskay has noted however, it is quite a different analysis where the credit bid is offered in respect of an *unsecured* claim. As noted in *In re Moritz*, 162 BR 618, 619 (Bankr. M.D. Fla. 1994), "while a secured creditor may setoff its allowed secured claims against the purchase price of a property of the estate to be sold by the Trustee pursuant to § 363(k), there is no comparable provision which would permit unsecured creditors to offset their claims."

14. This result is particularly appropriate where, as here, Siemens seeks to make a *de facto* credit bid by eliminating an alleged *unsecured* claim that remains *contingent* until such time as its supply agreement may be rejected, *unliquidated* as to the inflated amount at which it is included in the Siemens Bid, and *disputed* as to both validity and amount by the Equity Committee and, likely, other parties in interest in the case as well. There is simply no basis upon which to allow Siemens to take such liberties that subvert the competitiveness of the 363 sale process, and in so doing suppress the bidding for the Debtor's assets to the detriment of creditors and equity security holders. Indeed, the assertion of this overly aggressive position by Siemens threatens to undermine the fundamental integrity of the auction.

15. Thus, the Court must deny Siemens' right to proceed with what amounts to a credit bid for the Asserted Rejection Credit Bid Claim. Siemens' Supply Contract has yet to be rejected, and may not need to be rejected. Siemens has yet to file any rejection damages claim,

MIA 182,006,037v5

and the Equity Committee believes that the actual damages, *if any*, arising from rejection would be substantially less than that it purports to include in its Bid. None of the Debtor, the Equity Committee, the Creditors Committee, nor any other party in interest has had an opportunity to object to any rejection claim; and the Court certainly has not yet determined such claim – if any even exists. Without getting prematurely into issues that are not yet before this Court, it suffices to say that any rejection damages claim asserted by Siemens will be vigorously contested by the Equity Committee, and the Equity Committee believes there are substantial defenses to and counterclaims against Siemens with respect to such claim.

16. Accordingly, to the extent Siemens is entitled to credit bid, that right should be limited to, at most, the Asserted Secured Claim Credit Bid in an amount determined by the Court, after review of all elements, including consideration of the reasonableness of the attorneys fees included in that Bid. That portion of the Siemens Bid premised on the Asserted Rejection Credit Bid Claim, however, must be made **in cash** (subject to any reservation of rights by Siemens if and when the Supply Contract may be rejected) in order for parties in interest and, most importantly, the Court, to make any meaningful comparison of the final bids received at the auction.

17. **Close Proximity of Auction and Sale.** From the very outset of its formation, the Equity Committee has expressed concern about the close proximity of the July 29 Auction to the August 1 Sale Hearing on the very next business day, and whether the intervening weekend would afford adequate time for the Equity Committee and its professionals to analyze the final bids of all the bidders at the auction and determine which bid to support. These concerns are exacerbated by the fact that, as described above, the Siemens Asserted Rejection Claim Credit Bid is the subject of substantial disagreement as to valuation that is likely to persist even after the

auction is concluded or adjourned. The analysis of those proposed values by the Equity Committee's professionals – and fair consideration by the Equity Committee of the recommendations flowing from that analysis – simply requires more than a single weekend. Indeed, to the extent that various parties may differ significantly on the amount of the rejection claim that could be asserted by Siemens in the event that the assets are sold to another bidder,[4] the resolution of those differences may require discovery of both lay and expert witnesses and the presentation of significant testimony to the Court.

18.     **Cure Objections.**  In addition, as of the date of this Objection a number of other Objections have been filed to the proposed cure amounts associated with certain executory contracts proposed to be assumed and assigned to the purchaser, as well as a Limited Objection by AARP, Inc. and AARP Services, Inc. (DE #321) asserting the right to object to and prohibit the assumption and assignment of the AARP Contract to any bidder other than Demant. Taken in the aggregate, these Objections raise a number of legal and financial concerns that, depending upon the outcome of the Auction, may need to be addressed and resolved by the Court. Again, it is unrealistic to assume that the Equity Committee – whose constituents appear to have the major stake in the outcome of any sale – can evaluate all of these issues and work out the concerns articulated by AARP over a single weekend between the Auction and Sale hearing. For this reason as well, it may be necessary for the Court to conduct a status conference on August 1 before proceeding with the Sale Hearing.[5]

---

[4] The Equity Committee reserves the right to object, under 11 U.S.C. § 502(b), to the existence or amount of any rejection claim that Siemens may assert, in the event that its Supply Agreement with the Debtor may be rejected.

[5] It is also difficult to discern whether and to what extent either of the bids received by the Bid Deadline attributes any value to the Debtor's AARP Contract, or whether the Debtor's marketing efforts made clear the significant value of that contract. The Equity Committee believes that the sale or reorganization process would be enhanced by an additional period in advance of the Sale Hearing to assess that value and how best to realize it for the benefit of the estate. The Equity Committee also needs to review and ensure that the $3 million letter of credit posted in connection with the AARP Contract is satisfactorily resolved for the benefit of the estate.

MIA 182,006,037v5

19.     **Tax Losses.**  In addition, the Debtor appears to have more than $50.3 million in net operating loss carryforwards through December 31, 2010, as well as significant operating losses incurred during this calendar year.  The Equity Committee requires additional time to review and confirm the existence and amount of these tax attributes, and analyze the Debtor's resulting ability to utilize those attributes to reduce any gain on the proposed 363 sale. The Equity Committee and its advisors may require additional time to assess whether the tax attributes are better preserved to apply against future income in the context of a Chapter 11 reorganization structured either on a standalone basis or in some other form of non-sale transaction with a third party, rather than to reduce gain on an asset sale which, given the landscape of current bidding, may not realize the best return for the estate.

**Conclusion**

20.     The uncertainties surrounding the right and amount of any attempted credit bid by Siemens, and the calculation of its contingent, disputed and unliquidated rejection claim as a matter of comparison with the value of the Demant stalking horse bid, require that at the conclusion of active bidding the Debtor adjourn rather than close the auction, or alternatively that the Court reopen the auction after consideration of these issues.  As the parties work to value and resolve their differences over the treatment and value of non-cash components and other issues that may arise, adjustments by one bidder may require that other bidders be afforded a reasonable opportunity to respond.

21.     For all of these reasons, the Equity Committee requests that the auction proceed as scheduled on Friday, July 29.  Assuming a fair and robust bidding process and adequate time to assess the final bids of Siemens and Demant, the Equity Committee may be prepared to take a definitive position at the Sale Hearing.  In the event that unresolved issues need to be addressed

prior to approval of any sale, the Equity Committee reserves the right to request that rather than proceed with a final hearing to consider approval of any sale on August 1, 2011, the Court instead conduct a status conference to address the issues identified in this Objection and, if necessary, set such other deadlines and hearings as are appropriate to address the needs and interests of the Equity Committee and other parties in interest.

22. In addition to all of the foregoing, in light of the fluidity of the situation surrounding the proposed Section 363 sale and the auction schedule to occur four days hence, the Equity Committee respectfully reserves the right to interpose further Objections at any time up to and including the final hearing to consider approval of the sale.

*MIA 182,006,037v5*

WHEREFORE, the Equity Committee objects to the sale for the reasons set forth above, and respectfully requests that the Court conduct a status conference on August 1, 2011 and grant such other relief as the Court deems appropriate.

Dated: July 25, 2011.

GREENBERG TRAURIG, P.A.
*Counsel for the Official Committee of Equity Security Holders*
333 Avenue of the Americas
Miami, FL 33131
Phone: (305) 579-0500
Fax: (305) 579-0717
Email: bloomm@gtlaw.com
Email: stellatoj@gtlaw.com

- and -

401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Phone: (954) 765-0500
Fax (954) 765-1477
Email: grossmansm@gtlaw.com


BY:    /s/ Mark D. Bloom
      MARK D. BLOOM
      Florida Bar No. 303836
      SCOTT GROSSMAN
      Florida Bar No. 0176702
      JESSE STELLATO
      Florida Bar No. 0072883

MIA 182,006,037v5

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List attached hereto, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  Jesse Stellato
JESSE STELLATO

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Brett M Amron    bamron@bastamron.com, jeder@bastamron.com, dquick@bastamron.com,kparrales@bastamron.com,jmiranda@bastamron.com;mromero@bastamron.com
- Allison R Axenrod    allison@claimsrecoveryllc.com
- Eyal Berger    eyal.berger@akerman.com, jeanette.martinez@akerman.com
- Jeffrey S. Berlowitz    jberlowitz@siegfriedlaw.com, mmedina@siegfriedlaw.com
- Mark D. Bloom    bloomm@gtlaw.com, MiaLitDock@gtlaw.com; miaecfbky@gtlaw.com;reisinoa@gtlaw.com
- Steven R Braten    sbraten@collectionslawfirm.com
- Robert P. Charbonneau    rpc@ecccounsel.com, phornia@ecccounsel.com; nsocorro@ecclegal.com;sconsuegra@ecclegal.com;jquinones@ecclegal.com
- Eric C Cotton    ecotton@ddr.com
- Allison R Day    aday@gjb-law.com, gjbecf@gjb-law.com
- Debt Acquisition Group (Loren)    aloren@debtacq.com, bschwab@debtacq.com; jsarachek@debtacq.com
- Fair Harbor Capital LLc (Knox)    vknox@fairharborcapital.com
- Heidi A Feinman    Heidi.A.Feinman@usdoj.gov
- Debi Evans Galler    dgaller@bergersingerman.com, jalvarez@bergersingerman.com, efile@bergersingerman.com
- Brian K Gart    bgart@bergersingerman.com, clamb@bergersingerman.com; efile@bergersingerman.com
- Gary S. Glasser    gsg50@msn.com
- Daniel L. Gold    dgold@ecccounsel.com, phornia@ecclegal.com; nsocorro@ecclegal.com;sconsuegra@ecclegal.com;jquinones@ecclegal.com
- Kelly C Griffith    kgriffith@harrisbeach.com
- Hollie N Hawn    hhawn@broward.org
- Julie E Hough    jhough@houghlawgroup.com, Houghrobson@gmail.com; sramirez.hr@gmail.com;jmaceira@houghlawgroup.com

- Richard A Johnston    richard.johnston@fowlerwhite.com, cynthia.ferguson@fowlerwhite.com;ann.greulich@fowlerwhite.com;pgiordano@fowlerwhite.com
- Kenneth M Jones    kjones@moodyjones.com
- Wojciech F Jung    wjung@lowenstein.com
- Harris J. Koroglu    hkoroglu@shutts.com, jgoodwin@shutts.com
- Sharon L Levine    slevine@lowenstein.com
- John D Malone    myra@johnmalonepc.com, john@johnmalonepc.com; rdmcfadden@gmail.com
- Frank F McGinn    ffm@bostonbusinesslaw.com
- Robert K Minkoff    rminkoff@jefferies.com, jbrass@jefferies.com; mrichards@jefferies.com
- Mindy A. Mora    mmora@bilzin.com, laparicio@bilzin.com; cvarela@bilzin.com;eservice@bilzin.com;lflores@bilzin.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Heather L. Ries    hries@foxrothschild.com, mbird@foxrothschild.com
- Grace E Robson    grobson@mrthlaw.com, jbruner@mrthlaw.com;mrthbkc@gmail.com
- Christian R Sawczyn    rsawczyn@sbwlegal.com, ehirshfeld@sbwlegal.com
- Robert A. Schatzman    robert.schatzman@gray-robinson.com, marilyn.rivera@gray-robinson.com;lisa.negron@gray-robinson.com
- Susan R Sherrill-Beard    sherrill-beards@sec.gov, atlreorg@sec.gov
- Paul Steven Singerman    singerman@bergersingerman.com, efile@bergersingerman.com;mruiz@bergersingerman.com
- Jesse Stellato    stellatoj@gtlaw.com, thompsonc@gtlaw.com;cabreraf@gtlaw.com
- James S Telepman    jst@fcohenlaw.com
- Janette M Wester    jmw@mechaniknuccio.com
- Eric B Zwiebel    ezwiebel@bellsouth.net

# MASTER SERVICE LIST

## The Debtor
HearUSA, Inc.
1250 Northpoint Parkway
West Palm Beach, Florida 33407

Joseph J. Luzinski
Chief Restructuring Officer
Development Specialists, Inc.
200 South Biscayne Blvd, Suite 1818
Miami, Florida 33131
jluzinski@dsi.biz
ybogen@dsi.biz
**(via E-Mail)**

## Debtor's Counsel/Professionals
Paul Singerman, Esq.
Debi Evans Galler, Esq.
Berger Singerman, P.A.
200 South Biscayne Blvd., Suite 1000
Maimi, FL 33131
(**Via CM/ECF**)

Brian K. Gart, Esq.
Berger Singerman, P.A.
350 East Las Olas Blvd
Suite 1000
Fort Lauderdale, FL 33301
(**Via CM/ECF**)

Jennifer Dore Russo
Robert Cooper
Sonenshine Partners, LLC
400 Park Avenue, 17th Floor
New York, NY 10022
drusso@sonenshinepartners.com
rcooper@sonenshinepartners.com
**(via E-Mail)**

LaDawn Naegle, Esq.
Bryan Cave, LLP
One Metropolitian Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
lnaegle@bryancave.com
**(via E-Mail)**

Brian C. Walsh, Esq.
Bryan Cave, LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree St., NW
Atlanta, GA 30309
brian.walsh@bryancave.com
**(via E-Mail)**

Michelle Campbell
Alix Partners, LLP
2101 Cedar Springs Road, Suite 1100
Dallas, Texas 75201
MCampbell@alixpartners.com
**(via E-Mail)**

## U.S. Trustee
Office of the United States Trustee
Attn: Heidi Feinman, Esq.
51 Southwest First Avenue, Room 1204
Miami, FL 33130
**(Via CM/ECF)**

## Secured Creditors
Siemens Hearing Instruments, Inc.
10 Constitution Avenue
Piscataway, NJ 08855

US Bancorp
1450 Channel Parkway
Marshall, MN 56258

~~DVI Strategic Partner Group~~
~~A Division of DVI Financial Services~~
~~1751 Lake Cook Road Suite 650~~
~~Deerfield, IL 60015~~
**Return to Sender - Unable to Forward**

Cisco Systems Capital Corporation
170 West Tasman Drive
Mailstop SJ 13-3
San Jose, CA 951341706

Westchester Premium Acceptance Corp
PO Box 17600
Denver, CO 80217

California First Leasing Corporation
18201 Von Karman Avenue
Ste 800
Irvine, CA 92612

Kingsbridge Holdings, LLC
150 N. Field Dr. Suite 193
Lake Forest, IL 60045

General Electric Capital Corporation
10 Riverview Drive
Danbury, CT 06810

Republic Bank Of Chicago
2221 Camden Court Floor 1
Oak Brook, IL 60523

Hewlett-Packard Financial Service Company
420 Mountain Ave
New Providence, NJ 07974

MB Financial Bank, N.A.
6111 North River Road
Rosemont, IL 60018

Toshiba Financial Services
1961 Hirst Dr
Moberly, MO 65270

Dell Financial Services L.L.C.
One Dell Way
Round Rock, TX 78682

Steelcase Financial Services Inc.
901 44th Street S.E.
Grand Rapids, MI 49508

DHL Express (USA), Inc.
515 W Greens Road
Houston, TX

2186935 Ontario, Inc.
40 King Street West, Suite 5800
Toronto, ON M5H 3S1 Canada

**Counsel for Secured Creditors**
Erik Haas, Esq.
Christos Yatrakis, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Rick Antonoff, Esq.
Sarah N. Campbell, Esq.
Jennifer C. DeMarco, Esq.
Clifford Chance
31 West 52nd Street
New York, NY 10019
Rick.Antonoff@CliffordChance.com
Sarah.campbell@cliffordchance.com
Jennifer.Demarco@cliffordchance.com
**(via E-mail and U.S. Mail)**

Mindy A. Mora, Esq.
Bilzin Sumberg Baena Price & Axelrod, LLP
1450 Brickell Ave, Suite 2300
Miami, Florida 33131
mmora@bilzin.com
**(Via CM/ECF and E-mail)**

**20 Largest Unsecured Creditors**
Siemens Hearing Instruments, Inc.
10 Constitution Avenue
Piscataway, NJ 08855

~~Rexton, Inc.~~
~~Attn: Accounts Receivable~~
~~13790 Collection Ctr Dr.~~
~~Chicago, IL 60693~~
**Returned to Sender**
**Refused/Closed B29**

Oticon Inc
PO Box 8500-52843
Philadelphia, PA 19178-2843

Hansaton Accoustics, Inc.
15650 36th Ave. N.
Ste # 110
Plymouth, MN 55446

United Healthcare of FL, Inc.
Attn: Brian Murray
13621 NW 12th Street
Sunrise, FL 33323

Phonak
35555 Eagle Way
Chicago, IL 60678-1355

AARP
601 E. Street NW
Washington, DC 20049

JKG Corporation
990 S. Rogers Circle
Suite 8
Boca Raton, FL 33487

Spectrum Brands
7040 Collection Center Drive
Chicago, IL 60693

Daily News
450 W 33rd Street
New York, NY 10001

Charlotte Audiology Services, Inc.
2230 Sagamore Road
Charlotte, NC 28209

Dr. Michael W. Koskus
10226 McCarthy Drive
Alanson, MI 49706

Dr. Stephen E. Mock
613 Meadows Lane
Clarks Summit, PA 18411

Gateway Hearing Center, Inc.
233 Moulin Rouge
Bonne Terre, MO 63628

~~Metrolina Hearing Aids, Inc.~~
~~4524 Croft Mill Lane~~
~~Charlotte, NC 28226~~
Return to Sender - No Such Number
Unable to Forward

Park Ridge Hearing Center, Inc.
1065 Senator Keating Blvd
Rochester, NY 14618

~~Ramapo Hearing Center, Inc.~~
~~37 C Forest Drive~~
~~Garnerville, NY 10923~~
Return to Sender - Undeliverable as Addressed
Forwarding Order Expired

The Hearing Clinic, Inc.
c/o The Founders Bank
5200 Cascade Road
Grand Rapids, MI 49546

## Committee Counsel

Daniel L. Gold, Esq.
501 Brickell Key Drive, Suite 300
Miami, FL 33131
dg@ecclegal.com
**(Via CM/ECF and E-mail)**

## Governmental Agencies/Taxing Authorities

Florida Department of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Department of Revenue
c/o Agency Clerk
501 S. Calhoun Street
Room 201, Carlton Building
Tallahassee, FL 32399

Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Special Procedures - Insolvency
7850 SW 6th Court
Plantation, FL 33324

Special Asst. U.S. Attorney
P.O. Box 9, Stop 8000
51 SW 1st Avenue, #1114
Miami, FL 33130

Special Asst. U.S. Attorney
IRS District Counsel
1000 S. Pine Island Rd., Ste 340
Plantation, FL 33324-3906

The Honorable Eric H. Holder, Jr.
Attorney General of the U.S.
950 Pennsylvania Avenue, NW Room 4400
Washington, DC 20530-0001

Honorable Jeffrey H. Sloman,
Acting U.S. Attorney
99 NE 4th Street
Miami, FL 33132

Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

Florida Department of Environmental Protection
Southeast District Office
400 North Congress Avenue, Suite 200
West Palm Beach, FL 33401

Florida Department of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

Securities and Exchange Commission
Eric I. Bustillo, Regional Director
801 Brickell Ave., Suite 1800
Miami, FL 33131

NYSE Euronext
11 Wall Street
New York, NY 10005

County Taxes:
Honorable John K. Clark, CFC
Tax Collector
Palm Beach County
P.O. Box 3715
West Palm Beach, FL 33402-3715

**Consumer Privacy Ombudsman**
Luis Salazar, Esq.
Infante, Zumpano, Salazar & Miloch
500 S. Dixie Highway, Suite 302
Coral Gables, FL 33146
**(Via CM/ECF)**

**Notice of Appearance**
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey  07068
Attn:  Peter H. Ehrenberg, Esq.
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.

Office of Reorganization
U.S Securities and Exchange Commission
Suite 1000., 3475 Lenox Road, N.E.
Atlanta, GA 30326-1232
**(Via CM/ECF and E-mail)**

Paul J. Battista, Esq.
Allison R. Day, Esq.
Genovese Joblove & Battista, P.A.
100 Southesat 2nd Street, 44th Floor
Miami, FL 33131
pbattista@gjb-law.com
aday@gjb-law.com
**(Via CM/ECF and E-mail)**

Eric C. Cotton, Esq.
Developers Diversified Realty Corporation
3300 Enterprise Parkway
PO Box 228042
Beachwood, OH 44122

Joel J. Crystal, Esq.
Centro Properties Group
420 Lexington Ave, 7th Floor
New York, NY 10170

Robert A. Schatzman, Esq.
Steven J. Solomon, Esq.
Gray Robinson, P.A.
1221 Brickell Ave, Suite 1600
Miami, FL 33131
robert.schatzman@gray-robinson.com
**Steven.Solomon@gray-robinson.com**
**(Via CM/ECF and E-mail)**

Gregory A. Mattacola, Esq.
James Bremer, Esq.
The Mattacola Law Firm
217 N. Washington Street
P.O. Box 725
Rome,  NY  13442

Diane Nelson, CRC
Tax Collector, Pinellas County Florida
Pinellas County Tax Collector
PO Box 10834
Clearwater, FL 3757-8834
**(Via CM/ECF)**

Kantrowitz, Goldhamer & Graifman, P.A.
Attn: William T. Schiffman, Esq.
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY 10977
Email: wschiffman@kgglaw.com
**(Via E-Mail and U.S. Mail)**

Kenneth M. Jones, Esq.
Moody, Jones, Ingino & Morehead, P.A.
1333 S. University Drive, Suite 201
Plantation, FL 33324
**(Via CM/ECF)**

Harris Beach PPLC
Attn: Kevin W. Tompsett, Esq.
99 Garnsey Road
Pittsford, NY 14534

Steven R. Braten, Esq.
Tobin & Reyes, P.A.
5355 Town Center Road, Suite 204
Boca Raton, FL 33486
**(Via CM/ECF)**

Joni Armstrong Coffey
County Attorney for Broward County
Government Center
115 South Andrews Ave
Fort Lauderdale, FL 33301
Attn: Hollie N. Hawn, Esq.
**(Via CM/ECF)**

Eyal Berger, Esq.
Akerman Senterfitt
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd
Fort Lauderdale, FL 33301
**(Via CM/ECF)**

Darrell M. Daley, Esq.
Faegre & Benson, LLP
1900 Ninth Street, Suite 200
Boudler, CO 80302
**ddaley@faegre.com**
**(Via E-Mail and U.S. Mail)**

Stacy C. Cordes, Esq.
The Henderson Law Firm
1201 Harding Place
Charlotte, NC 28204
cordes@title11.com
**(Via E-Mail and U.S. Mail)**

Harris J. Koroglu, Esq.
James A. Timko, Esq.
Shutts & Bowen LLP
201 South Biscayne Boulevard
1500 Miami Center
Miami FL 33131
**(Via CM/ECF)**

James S. Telepman, Esq.
Cohen, Norris, Scherer,
Weinberger & Wolmer
712 U.S. Highway One, Suite 400
P.O. Box 13146
North Palm Beach, FL 33408-7146
**(Via CM/ECF)**

Eric B. Zwiebel, Esq.
Eric B. Zwiebel, P.A.
8751 West Broward Blvd., Ste. 100
Plantation, FL 33324
**(Via CM/ECF)**

Richard Johnston, Jr.
Fowler White Boggs, P.A.
P.O. Box 1567
Fort Myers, FL 33902
**(Via CM/ECF)**

Brett M. Amron, Esq.
BAST AMRON LLP
SunTrust International Center
One Southeast Third Avenue, Suite 1440
Miami, FL 33131
**(Via CM/ECF)**

Rodney D. McFadden
7833 Fairway Road
Woodway, TX 76712
rdmcfadden@gmail.com
**(Via Email and U.S. Mail)**

Robert L. LeHane, Esq.
Jennifer D. Raviele, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
**(U.S. Mail)**

Grace E. Robson, Esq.
Markowitz Ringel Trusty + Hartog, PA
9130 S. Dadeland Boulevard, Suite 1800
Miami, FL 33156
**(Via CM/ECF)**

J. Meredith Wester, Esq.
Mechanik Nuccio Hearne & Wester, P.A.
18560 N. Dale Mabry Hwy
Lutz, Florida 33548
jmw@mechaniknuccio.com
**(Via Email and U.S. Mail)**

WRI JT Northridge, LP
c/o Weingarten Realty Investors
2600 Citadel Plaza Drive, Suite 125
Houston, TX 77008
Attention: Jenny J. Hyun, Esq.
bankruptcycases@weingarten.com
**(Via Email and U.S. Mail)**

Frank F. McGinn
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

**Notice and Claims Agent**
Trustee Services
1844 N. Nob Hill Road
Plantation, FL 33322