B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida
West Palm Beach Division

```
U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA-WPB

JUL 29 2011

FILED  MR  RECEIVED
```

In re: HearUSA, Inc.                                    Case No. 11-23341

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), F.R.B.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Pioneer Credit Opportunities Fund, LP              Metrolina Hearing Aids, Inc.
Name of Transferee                                 Name of Transferor

Name and Address where notices and payments        Name and Address where notices to transferor
to transferee should be sent:                      should be sent:

Pioneer Credit Opportunities Fund, LP              Metrolina Hearing Aids, Inc.
Greeley Square Station, PO Box 20188               The Henderson Law Firm, Stacy C. Cordes
New York, NY 10001                                 4504 Craft Mills
Phone: (646) 237-6969                              Charlotte, NC 28226

                                                   Court Claim # (if known): __338__
                                                   Amount of Claim: $90,648.75
                                                   Date Claim Filed: 7/8/2011

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____/s/_____                                  Date: 7/25/11
    Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT OF CLAIM AGREEMENT

**Assignment of Claim.** Metrolina Hearing Aids, Inc., with a principal address of 2230 Sagamore Road, Charlotte, NC 28209, its successors and assigns ("Seller"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, in the sum of $            (the "Purchase Price"), does hereby absolutely and unconditionally sell, assign and transfer to Pioneer Credit Opportunities Fund, L.P., having an address of Greeley Square Station, P.O. Box 20188, New York, NY 10001 and any of its successors, assigns or designees ("Buyer", and together with Seller, the "Parties"), all of Seller's rights, title and interests in and to Seller's claim or claims, as more specifically set forth below (the "Claim"), against HearUSA, Inc. (the "Debtor"), Debtor in proceedings for reorganization in the United States Bankruptcy Court for the Southern District of Florida (the "Court"), administered under HearUSA, Inc. as Case No. 11-23341 (the "Proceedings"), in the aggregate amount of not less than $90,468.75 (the "Claim Amount") and all rights and benefits of Seller relating to the Claim, including without limitation, (i) any proofs of claim filed in respect of the Claim, (ii) all agreements, instruments, invoices, receivables, purchase orders and other documents evidencing or relating to the Claim (the "Claim Documentation"); (iii) all of Seller's right to receive principal, interest, fees, expenses, damages, penalties and other amounts, including cure payments within the meaning of Section 365 of Title 11 of the U.S. Bankruptcy Code, in respect of the Claim; (iv) any actions, claims, lawsuits or rights against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to the Claim; (v) all cash, securities, instruments, proceeds and other property issued in respect of, or exchanged in return for, any of the foregoing; and (vi) if applicable, the right to participate in any future offerings of debt, securities or other rights by the Debtor. The Claim is based on amounts owed to Seller by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

**Proof of Claim.** Seller represents and warrants that a proof of claim has been duly and timely filed in the Proceedings in the amount of $90,468.75 (the "Proof of Claim"), a true and complete copy of which is attached to this Assignment of Claim Agreement (the "Agreement").

**Representations; Warranties and Covenants.** Seller further represents and warrants that (a) the Claim is not less than $90,468.75 and no objections have been filed or threatened against Seller in respect of the Claim; (b) the Claim is a valid, undisputed, liquidated, non-contingent, allowable and enforceable general unsecured claim against the Debtor based on amounts owed to Seller for the Promissory Note issued by Debtor prior to the commencement of the Proceedings; (c) this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement; (d) this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (e) no payment or distribution has been received by Seller or on behalf of Seller in full or partial satisfaction to the Claim; (f) Seller has not previously sold, assigned, transferred or pledged the Claim, in whole or in part, to any third party; (g) Seller is the sole owner and has good title to the Claim free and clear of any and all liens, security interests, claims or encumbrances of any kind or nature whatsoever including without limitation, pursuant to any factoring or other financing agreements, and upon the execution of this Agreement, Buyer will receive good title to the Claim; (h) Debtor, or any other third party, has no basis to assert the Claim is subject to any defense, claim or right of setoff, reduction, impairment, disallowance, subordination or avoidance, whether on contractual, legal or equitable grounds; (i) Seller has not engaged in any acts or conduct or made any omissions that might result in Buyer receiving proportionally less in payments or distributions under, or less favorable treatment for, the Claim than is received by other similarly situated creditors against the Debtor; (j) Seller is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (k) Seller has fully performed and satisfied all of its obligations (if any) to the Debtor; (l) Buyer shall not assume or be responsible for any obligations or liabilities of Seller related to or in connection with the Claim, the Claim Documentation or the Proceedings; and (m) Seller is not an "insider", as that term is defined in Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial committee in the Proceedings. Seller agrees to indemnify Buyer from all losses, damages and liabilities (including, but not limited to, attorney's fees and expenses) which result from the breach of any representation, warranty or covenant by Seller as set forth herein.

The Parties are aware that the Purchase Price received herein may differ both in kind and amount from any distributions ultimately made pursuant to any plan of reorganization or liquidation confirmed by the Court in the Proceedings. Seller and Buyer each acknowledge that the other may possess material non-public information concerning the Claim and/or the Debtor's financial condition or prospects. The Parties have agreed to the Purchase Price based on their own independent investigation and credit determination.

**Claim Impaired or Allowed for an Amount Less than Claim Amount.** Buyer will assume all of the recovery risk in terms of the amount paid on the Claim, if any, at Debtor's emergence from bankruptcy or liquidation. Seller agrees to make to Buyer immediate proportional restitution and repayment of the Purchase Price to the extent that the Claim or Claim Amount is disallowed, avoided, reduced, disputed, objected to or otherwise impaired for any reason whatsoever, in whole or in part, including without limitation a breach of any of the terms or conditions of this Agreement (a "Disallowance"). Additionally, in the event Seller has previously sold, assigned, hypothecated or factored the Claim, Seller shall immediately pay to Buyer liquidated damages in the amount of double the consideration paid by Buyer hereunder.

**Notices (Including Voting Ballots) Received by Seller; Further Cooperation.** Seller agrees to immediately forward to Buyer any and all notices received from Debtor, the Court or any other court or government entity or any third party regarding the Claim and to take such other action, with respect to the Claim, as Buyer may request from time to time. Seller agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be reasonably necessary or appropriate to effect sale of the Claim to Buyer, and if for any reason, Seller (and not Buyer) is entitled to exercise any such rights after the date hereof (including, without limitation, the right to vote) Seller agrees to duly and timely exercise such rights or refrain from acting as directed by Buyer. Seller agrees that in the event Seller shall receive any payments or distributions with respect to the Claim after the date hereof, Seller agrees to accept the same as Buyer's agent and to hold the same in trust on behalf of and for the benefit of Buyer. Seller agrees to deliver the same forthwith to Buyer in the same form received, within 2 business days in the case of

07/14/2011  14:53        RECEIVED  07/14/2011 15:31    7043335003              JAMES H HENDERSON
                         8282675525                    NATIONAL CIRCUIT                PAGE  03/03

## ASSIGNMENT OF CLAIM AGREEMENT

cash and within 5 business days in the case of securities, which are in good deliverable form, together with any endorsements or documents necessary to transfer such property to Buyer.

**Limited Power of Attorney.** Seller hereby irrevocably appoints Buyer as its true and lawful attorney with respect to actions relating to the Claim and authorizes Buyer to act in Seller's name to demand, sue for, compromise and recover all such amounts which now are, or may hereafter become due and payable for, or on account of the Claim. Seller grants unto Buyer full authority to do all things necessary to enforce the Claim and Buyer's rights thereunder pursuant to this Agreement. Seller agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Buyer. Buyer shall have no obligation to prove, defend or take affirmative action with respect to proving the Claim's validity or amount in the Proceedings.

**Governing Law, Personal Jurisdiction and Service of Process.** This Agreement shall be construed and the obligations of the Parties hereunder shall be determined in accordance with the laws of the State of New York without reference to any conflicts of law provisions. Any action arising under or relating to this Agreement must be brought in a State or Federal court located in New York County in the State of New York. Each party hereto consents to service of process by certified mail at its address listed above. Each party hereto irrevocably and unconditionally waives its right to trial by jury and consents to the jurisdiction of the courts located in the State of New York in any action to enforce, interpret or construe any provision of this Agreement.

**Execution of Agreement.** This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Buyer and (b) the Agreement is executed by a proper representative of Buyer.

**Consent and Waiver.** Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives (a) its right to raise any objections hereto and (b) its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

**Miscellaneous.** Seller agrees that this Agreement and all its terms are confidential and may not be disclosed, except to Seller's advisors, without the prior written consent of Buyer. Buyer shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond. Each party expressly acknowledges and agrees that it is not relying upon any representations, promises, or statements (including the status of the Proceedings, condition of the Debtor or any other matter relating to the Debtor, the Proceedings or the Claim), except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. This Agreement (a) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the Parties; (b) constitutes the entire agreement and understanding between the Parties hereto with respect to the subject matter hereof; and (c) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Buyer may at any time re-assign the Claim, or any portion thereof, together with all right, title and interest of Buyer in and to this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any such re-assignment. The terms of this Agreement shall be binding upon, and shall inure to the benefit of and be enforceable by Seller, Buyer and their respective successors and assigns. This Agreement may be executed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall be deemed to constitute a single agreement. Failure or delay on the part of the Buyer to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

IN WITNESS WHEREOF, the undersigned hereunto set its hand this __14__ day of __July__, 2011.

Metrolina Hearing Aids, Inc. ("Seller")

By _____
Signature

David Bowles, President
Print Name and Title

980-230-9481
Telephone / Email

Pioneer Credit Opportunities Fund, L.P. ("Buyer")

_____
Signature

Adam D. Stein-Sapir – Managing Member
Print Name and Title

646-237-5969 / ADAM@PFLLC.COM
Telephone / Email